J-S21038-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAYMOND ROSE, | : | |
| | : | |
| Appellant | : | No. 1447 WDA 2016 |

Appeal from the Order Entered June 30, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003092-2004

BEFORE:    LAZARUS, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MAY 26, 2017**

Raymond Rose (Appellant) appeals *pro se* from the June 30, 2016 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We quash this appeal.

The PCRA court offered the following history of this case.

> On December 21, 2014, [Appellant] pled guilty to one count of involuntary deviate sexual intercourse, two counts of indecent assault, two counts of corruption of minors and one count of endangering [the] welfare of children.  On March 17, 2005, the Honorable John A. Bozza sentenced [Appellant] to an aggregate of 13 to 32 years of incarceration.  No post-sentence motion or direct appeal was filed.  On January 5, 2006, [Appellant] timely filed a PCRA motion.  PCRA counsel was appointed and a supplemental PCRA motion was filed.  On May 18, 2006, the [PCRA] court reinstated [Appellant's] direct appeal rights.  On July 27, 2007, the Superior Court affirmed the judgment of sentence.  *See Commonwealth v. Rose*, 932 A.2d 262 (Pa. Super. 2007) (unpublished memorandum).  On September 12, 2007, [Appellant] filed a *pro se* PCRA petition alleging ineffective assistance of counsel for failure to file a post-

_____

*Retired Senior Judge assigned to the Superior Court.

sentence motion preserving challenges to the discretionary aspects of the sentence. On November 21, 2007, the PCRA court reinstated [Appellant's] right to file a post[-]sentence motion and direct appeal *nunc pro tunc*. [Appellant] timely filed a post-sentence motion raising three discretionary challenges to the sentence. On December 13, 2007, the [PCRA] court denied the post-sentence motion. On January 3, 2008, [Appellant] filed his second *nunc pro tunc* notice of appeal. On August 15, 2008, the Superior Court affirmed the judgment of sentence. **See Commonwealth v. Rose**, 961 A.2d 1282 (Pa. Super. 2008) (unpublished memorandum).

On March 29, 2016, [Appellant] filed the instant PCRA motion. Without citing specifics, [Appellant] generally allege[d] the sentence is illegal, and unconstitutional[,] under **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016)[,] and **Alleyne v. U.S.**, 133 S.Ct. 2151 (2013), and these cases must be given retroactive effect. PCRA counsel was appointed. On May 4, 2016, PCRA counsel filed a "no merit" letter [pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)].

Notice of Intent to Dismiss, 7/1/2016, at 1-2 (footnote and unnecessary capitalization omitted). By order of May 6, 2016, the PCRA court denied the petition to withdraw filed by Appellant's appointed counsel, William Hathaway, Esquire.

On July 1, 2016, the PCRA court issued a notice of intent to dismiss the petition as untimely filed. The PCRA court dismissed the petition by order of August 25, 2016. Appellant *pro se* timely filed a notice of appeal on Monday, September 26, 2016. On that same date, he also filed a petition to reinstate his PCRA petition, which the clerk of courts forwarded to Attorney Hathaway pursuant to Pa.R.Crim.P. 576(A)(4) (providing that the clerk of

courts shall accept for filing documents submitted *pro se* by a represented defendant and forward copies to the defendant's attorney). The record does not indicate that Attorney Hathaway took any further action in the case.

In this Court, Appellant filed a brief *pro se* claiming that his PCRA petition satisfied a timeliness exception and that his sentence is illegal. Appellant's Brief at 1-5. The Commonwealth did not file a brief. Before we consider the merits of the appeal, we must determine whether the issues are properly before us.

Appellant was represented by counsel at the time he filed the notice of appeal. Generally, such hybrid representation is not allowed, and *pro se* filings by represented parties are considered legal nullities. ***See, e.g., Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010) (holding *pro se* 1925(b) statement filed by an appellant who was represented by counsel on appeal was a legal nullity). However, our Supreme Court has held that a *pro se* notice of appeal from a final judgment filed by a represented appellant is not automatically void. ***Commonwealth v. Cooper***, 27 A.3d 994, 1007 (Pa. 2011) (holding Superior Court erred in declining to address the merits of *pro se* appeal after subsequently-filed counseled appeal was dismissed as duplicative). Thus, the appeal is properly before us.

The *pro se* brief, however, is not. Because Attorney Hathaway's petition to withdraw was denied in the PCRA court, and he did not obtain this Court's leave to withdraw, he remains Appellant's counsel. ***See***, ***e.g.***,

*Commonwealth v. Smith*, 121 A.3d 1049, 1053 (Pa. Super. 2015) ("[O]nce counsel has entered an appearance on a [petitioner's] behalf he is obligated to continue representation until the case is concluded or he is granted leave by the court to withdraw his appearance.") (citation and internal quotation marks omitted)).

> Pursuant to our Rules of Appellate procedure and decisional law, this Court will not review the *pro se* filings of a counseled appellant. *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007) (noting that an appellant's *pro se* filings while represented by counsel are legal nullities) [], *Commonwealth v. Ellis*, [], 626 A.2d 1137, 1140–41 ([Pa.] 1993) (same). Rule 3304 of the Pennsylvania Rules of Appellate procedure provides as follows:

> **Rule 3304. Hybrid Representation**
>
> Where a litigant is represented by an attorney before the Court and the litigant submits for filing a petition, motion, brief or any other type of pleading in the matter, it shall not be docketed but forwarded to counsel of record.

> Pa.R.A.P. 3304.

*Commonwealth v. Glacken*, 32 A.3d 750, 752 (Pa. Super. 2011).

In *Glacken*, this Court was presented with only a *pro se* brief from an appellant whose counsel had not been allowed to withdraw. Further, Glacken had not waived his right to counsel and requested to proceed *pro se*. In that situation, "given the clear language of Rule 3304 and our Supreme Court's holding in *Ellis* that an appellant must either allow his attorney to represent him or request permission to proceed *pro se*, we

[concluded that we were] constrained to quash Glacken's appeal for lack of a counseled brief." **Glacken**, 32 A.3d at 753.

The relevant facts are indistinguishable in the instant case. Appellant is still represented by Attorney Hathaway; yet we have only a *pro se* brief from Appellant. Thus, under the mandate of **Glacken**, we must quash this appeal.[1]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/26/2017

---

[1] If Appellant believes that he has been abandoned by his counsel, he may seek to have his right to appeal the dismissal of his PCRA petition restored *nunc pro tunc* by the filing of a new PCRA petition within 60 days of the conclusion of the instant appeal. **See Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007).