**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Stephen Lee GLACKEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 1, 2011.

Filed Aug. 31, 2011.

Stephen L. Glacken, appellant, pro se.

Shawn C. Wagner, Assistant District Attorney, Gettysburg, for Commonwealth, appellee.

BEFORE: DONOHUE, OLSON and STRASSBURGER *, JJ.

OPINION BY DONOHUE, J.:

Appellant, Stephen Lee Glacken ("Glacken"), appeals *pro se* from the December 29, 2010 order dismissing his first petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. We quash.

The record reveals that Glacken pled guilty on May 11, 2009, to simple assault, harassment, and bad checks.[1] While out on bail awaiting sentencing, Glacken was charged with a new count of simple assault, to which he also pled guilty. On December 1, 2009, the trial court sentenced Glacken to 12 to 24 months of incarceration for the original simple assault charge, a consecutive six to 12 months of incarceration for harassment, a consecutive six to 12 months of incarcera-tion followed by 12 months of probation for the second simple assault charge, and a consecutive 60 months of probation for the bad checks offense. Thus, the trial court imposed an aggregate 24 to 48 months of incarceration followed by 72 months of probation.

Glacken filed a timely notice of appeal from the trial court's judgment of sentence, and this Court affirmed in an unpublished memorandum on September 13, 2010. Glacken filed a timely *pro se* PCRA petition on October 5, 2010, and the PCRA court appointed counsel on October 18, 2010. Counsel did not file an amended petition. On December 20, 2010, the PCRA court conducted a hearing at which no testimony was taken and no other evidence was introduced. At that hearing, Glacken's counsel indicated that he did not believe Glacken had any meritorious issues to pursue. N.T., 12/20/10.[2] Counsel did not, however, file a no merit letter and petition to withdraw pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988). The hearing amounted to a dialogue between the PCRA court and Glacken wherein Glacken asserted the issues he wished to raise and the PCRA court explained why it believed those issues lacked merit. N.T., 12/20/10.

The PCRA court entered the instant order denying Glacken's request for PCRA relief on December 29, 2010. Subsequently, Glacken filed a timely *pro se* notice of appeal. On January 25, 2011, the PCRA court entered an order acknowledging receipt of Glacken's *pro se* notice of appeal, ordering Glacken to file a concise statement of matters complained of pursuant to

---

* Retired Senior Judge assigned to the Superior Court.

1. 18 Pa.C.S.A. §§ 2701, 2709, 4105.

2. The December 20, 2010 transcript is not paginated.

Pa.R.A.P. 1925(b), and providing that existing counsel "remains as counsel of record and is directed to preserve [Glacken's] appellate rights." PCRA Court Order, 1/25/11. Glacken filed a timely Pa.R.A.P. 1925(b) statement, signed and apparently drafted by Glacken but with an accompanying certificate of service signed by counsel. *See* Pa.R.A.P. Concise Statement, 2/15/11; Correspondence, docketed 2/15/11.[3] Glacken has filed a *pro se* brief with this Court, and counsel of record has not filed anything.

█ Before we address the merits of the issues Glacken presents in his *pro se* brief, we must discern whether Glacken's *pro se* brief is properly before this Court for review. As noted, the PCRA court expressly stated that Glacken's attorney remained counsel of record.[4] Despite this, counsel did not file a brief. Instead, we have only a *pro se* brief from Glacken. This is so despite the fact that Glacken never requested to proceed *pro se* and the record does not reflect that he has made a knowing, intelligent and voluntary waiver of his right to counsel. *See Commonwealth v. Grazier*, 552 Pa. 9, 12–13, 713 A.2d 81, 82 (1998) ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one."); *see also Commonwealth v. King*, 999 A.2d 598, 601–02 (Pa.Super.2010).

█ Pursuant to our Rules of Appellate procedure and decisional law, this Court will not review the *pro se* filings of a counseled appellant. *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa.Super.2007) (noting that an appellant's *pro se* filings while represented by counsel are legal nullities), *appeal denied* 594 Pa. 704, 936 A.2d 40 (2007); *Commonwealth v. Ellis*, 534 Pa. 176, 183–84, 626 A.2d 1137, 1140–41 (1993) (same). Rule 3304 of the Pennsylvania Rules of Appellate procedure provides as follows:

### Rule 3304. Hybrid Representation

Where a litigant is represented by an attorney before the Court and the litigant submits for filing a petition, motion, brief or any other type of pleading in the matter, it shall not be docketed but forwarded to counsel of record.

Pa.R.A.P. 3304.

In *Ellis*, our Supreme Court wrote that "[a] represented appellant may petition to terminate his representation; he may, acting pursuant to the rules of criminal procedure, proceed on his own behalf. Conversely, he may elect to allow counsel to

---

**3.** The February 15, 2001 correspondence, from Glacken to the Adams County Clerk of Courts, reads in relevant part as follows:

> Please be advised that on or about February 10, 2011, I had a telephone conference with Atty. Thomas R. Nell wherein, he informed me that the 1925(b) statement of matters complained of for the above-captioned matter was due. I sent this document to Mr. Nell for him to photocopy and distribute accordingly.
>
> [*     *     *]
>
> I request that the document submitted by Atty. Nell, be in it's [sic] original format [unchanged] and for Atty. Nell to submit the filing as he had received it from me.

Correspondence, docketed 2/15/11.

**4.** Rule 904(C) of the Pennsylvania Rules of Criminal Procedure provides that an indigent petitioner is entitled to representation by court-appointed counsel in connection with his first PCRA petition. Pa.R.Crim.P. 904(C). Rule 904 further provides that the appointment of counsel is effective throughout the PCRA proceeding, including on appeal. Pa. R.Crim.P. 904(F)(2). In the event counsel believes that the petitioner cannot present any issue of merit, counsel may file a *Turner/Finley* no merit letter and petition to withdraw.

take his appeal[.]" *Ellis,* 534 Pa. at 183–84, 626 A.2d at 1141 (1993). An appellant may not, however, offer *pro se* filings while he continues to be represented by counsel. *Id.*

This problem often arises, as it did in *Ellis,* when an appellant wishes to raise issues that counsel deems meritless, or wishes to assert counsel's ineffectiveness. Recently, in *Commonwealth v. Jette,* 23 A.3d 1032 (Pa.2011), our Supreme Court held appellate courts cannot consider an appellant's assertions of counsel's ineffectiveness while the appellant continues to be represented by counsel. The Supreme Court, citing *Ellis,* explained that appellants must not be allowed to overburden the courts with *pro se* filings while they are represented by counsel. *Id.* 23 A.3d at 1037–40. The Court further noted that allowing appellants to submit *pro se* briefs in addition to counseled briefs allows the appellant to avoid the restrictions on serial PCRA petitions. *Id.* 23 A.3d at 1043–44.

We observe that the instant case is distinguishable from *Jette* and *Ellis,* as the Supreme Court's opinions in those cases are driven primarily by the problems of competing filings from an appellant and his counsel. In the instant matter, we do not have competing filings from Glacken and his counsel. Instead, we have only a *pro se* brief in a case where counsel never was permitted to withdraw and Glacken never waived his right to counsel. Nonetheless, given the clear language of Rule 3304 and our Supreme Court's holding in *Ellis* that an appellant must either allow his attorney to represent him or request permission to proceed *pro se,* we are constrained to quash Glacken's appeal for lack of a counseled brief.

Should Glacken choose to file another PCRA petition, we note that Pa.R.Crim.P. 904 requires appointment of counsel for a second petition if a hearing is required (Pa.R.Crim.P. 904(D)) and permits appointment of counsel if it is necessary in the interests of justice (Pa.R.Crim.P. 904(E)). If Glacken files a second petition and the PCRA court appoints counsel, appointed counsel *must* either serve as an advocate or proceed in accordance with *Turner* and *Finley.* It appears from the record that current counsel did neither, to the detriment of his client.

Appeal quashed.