J-S60022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL CANDELARIO | |
| Appellant | No. 527 MDA 2014 |

Appeal from the Judgment of Sentence entered March 4, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No: CP-35-CR-0000504-2012

BEFORE: OTT, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 17, 2014**

Appellant Daniel Candelario appeals from the March 4, 2014, judgment of sentence entered in the Court of Common Pleas of Lackawanna County (trial court), after he pled guilty to escape under Section 5121(a) of the Crimes Code (Code), 18 Pa.C.S.A. § 5121(a). Upon review, we quash the appeal.

The facts and procedural history underlying this appeal are undisputed. On February 15, 2012, Detective Brian Kosch, Lackawanna County District Attorney's Office, charged Appellant with aggravated assault and escape. In his affidavit of probable cause accompanying the complaint, Detective Kosch alleged:

> On 02/13/2012 I received information from [Correctional Officer (CO)] Dave McDonald, a guard at the Lackawanna County Work Release Program, that at approximately 1850hrs inmate [Appellant] had been instructed that he was being returned back to the Lackawanna County Prison because of a violation of his court order. According to the report after inmate [Appellant]

was informed of his being removed back to the Lackawanna County Prison for housing [Appellant] became combative refusing to be taken into custody. It was at this time [Appellant] pushed CO Dave McDonald out of his way and struck CO Jack Warner with his body driving him to the floor with [Appellant] falling on top of him[, a]s seen in the recorded surveillance video which is mounted in the ceiling of the facility. In the video it shows that [Appellant] continued to fight with both CO's [sic] until he was able to free himself and run run [sic] out the door.

Affidavit of Probable Cause, 2/15/12. At the October 23, 2013, guilty plea hearing, Appellant requested the trial court appoint him another attorney. Appellant alleged that his attorney, identified in the hearing transcript only as Mr. Petorak, failed to communicate with him. N.T. Guilty Plea, 10/23/13, at 2-3. The trial court, thereafter, replaced Attorney Petorak with William Peters, Esquire, who represented Appellant at that guilty plea hearing. *Id.* Ultimately, Appellant pled guilty to escape and the Commonwealth *nolle prossed* the aggravated assault count.

On January 21, 2014, the trial court appointed Christopher Osbourne, Esquire, to represent Appellant at sentencing. On March 4, 2014, the trial court imposed upon Appellant a sentence of nine to twenty-four months' incarceration. On March 18, 2014, Attorney Osbourne moved for reconsideration of sentence, arguing that Appellant was entitled to "ten months and twenty-eight days of credit towards his instant sentence." Motion for Reconsideration of Sentence, 3/18/13, at ¶ 9.

The next day, on March 19, 2014, Appellant filed a *pro se* notice of appeal. On March 20, 2014, the trial court ordered the *pro se* notice be forwarded to Attorney Osbourne. The trial court also ordered that, because it is unable to recognize hybrid representation, "[Appellant] has no right to

file a *pro se* motion because he is represented by counsel." Trial Court Order, 3/20/14. In the order, the court noted that, as of March 20, 2014, Appellant had not requested to proceed *pro se*.

On April 2, 2014, the trial court issued an order, granting Appellant's counseled reconsideration motion and imposing a new sentence awarding ten months and twenty-eight days of credit. In a footnote in the April 2, 2014 order, the trial court noted that Appellant's filing of a *pro se* notice of appeal was premature because his attorney had moved for reconsideration of the sentence imposed. Explaining its rationale for refusing to entertain Appellant's *pro se* notice, the trial court noted:

> [I]n an effort to avoid procedural difficulty, on March 20, 2014, [the trial court] ordered that no further action on [Appellant's] *pro se* [n]otice of [a]ppeal occur unless counsel of record forwards the requisite motion. [The trial court] further disapproved [Appellant's] *pro se* [n]otice of [a]ppeal citing the inability to recognize hybrid representation.[1]

Trial Court Order, 4/2/14, at n.1 (internal citation omitted).[2] Nonetheless, the trial court informed Appellant that he had thirty days to file an appeal

---

[1] "A criminal defendant has no right to hybrid representation in either [the] trial or appellate courts." ***Commonwealth v. Cooper***, 27 A.3d 994, 1000 n.9 (Pa. 2011).

[2] To the extent the trial court disapproves of the Lackawanna County Clerk of Court's docketing of the *pro se* notice of appeal, we disagree. If a counseled defendant attempts to file a *pro se* document with the court, "the clerk of courts *shall accept* it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, . . . place the document in the criminal case file," and forward "[a] copy of the time stamped document . . . to the defendant's attorney and . . . the Commonwealth within [ten] days of receipt." Pa.R.Crim.P. 576(A)(4) (emphasis added).

- 3 -

from the new judgment of sentence entered on April 2, 2014. Differently put, "the time for filing the notice of appeal [was to] begin anew." *Id.* at n.2. On April 15, 2014, Attorney Osbourne moved in the trial court to withdraw his appearance, which the trial court granted on April 16, 2014.

On April 3, 2014, the Commonwealth filed in this Court an application to quash as premature Appellant's *pro se* appeal from the March 4, 2014 judgment of sentence. Appellant opposed the application. On April 15, 2014, Appellant filed in this court an application for relief, requesting assistance of counsel by Attorney Osbourne. In his application, Appellant noted that this Court treated him as *pro se* because the trial court docket erroneously characterized Attorney Osbourne as standby counsel rather than counsel of record. On May 20, 2014, a motions panel of this Court issued an order denying the Commonwealth's application to quash the appeal without prejudice. The panel granted Appellant's application for relief. In so doing, the panel vacated the trial court's April 16, 2014 order granting Attorney Osbourne leave to withdraw and directed Attorney Osbourne to immediately enter his appearance in this Court to continue his representation of Appellant on appeal. On June 2, 2014, in compliance with our May 20, 2014 order, Attorney Osbourne entered his appearance.

On Appeal, Appellant raises four issues for our review:

[1.] Whether the court order issued by the [trial court] dated December 20, 2010, is an illegal court order as it cited 61 P.S. § 2141, which section of the law had been repealed prior to the issuing of the order?

[2.] Whether the lower court erred in not granting [Appellant's] petition to dismiss pursuant to Rule 600 as [Appellant] was

incarcerated after withdrawal of his guilty plea more than one hundred twenty (120) days before being brought to court?

[3.] Whether the lower court erred in accepting [Appellant's] guilty plea [under] 18 Pa.C.S.A. [§] 5121 to the charge of escape where [Appellant] was on parole at the time of his leaving the work release center?

[4.] Whether the lower court erred in not granting [Appellant's] motion pursuant to Rule 704 where the lower court erred in not bringing [Appellant] to sentencing after his guilty pleas for one hundred thirty-three (133) days in error of the Rule 704 which states [a] defendant must be sentenced within ninety (90) days?

Appellant's Brief at 4. Before we address the merits, we must determine whether we have jurisdiction over this appeal. Our courts will not entertain *pro se* filings while an appellant remains represented, and such filings have been described as legal nullities. *See Commonwealth v. Glacken*, 32 A.3d 750, 752-53 (Pa. Super. 2011) ("Pursuant to our Rules of Appellate procedure and decisional law, this Court will not review the *pro se* filings of a counseled appellant."); *accord Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010). Here, while represented by counsel, Appellant appealed *pro se* from the March 4, 2014, judgment of sentence. Thus, because Appellant was represented by counsel, his *pro se* notice of appeal was rendered a legal nullity. Moreover, as noted earlier, the trial court in fact vacated and replaced the March 4, 2014 judgment of sentence from which Appellant filed his *pro se* appeal by the April 2, 2014 judgment of sentence.[3] In so doing,

---

[3] We note with deep concern that the trial court exercised jurisdiction over Appellant's counseled post-sentence motion, which was filed on March 18, 2014. As the docket in this case reveals, Appellant had only ten days from the March 4, 2014 judgment of sentence to file such motion. *See* Pa.R.Crim.P. 720(A)(1) ("[A] written post sentence motion shall be filed no
*(Footnote Continued Next Page)*

the trial court rendered moot the appeal from March 4, 2014 judgment of sentence. We, therefore, lack jurisdiction over the *pro se* appeal for two compelling reasons. The *pro se* notice is a legal nullity and the appeal from the March 4, 2014, judgment of sentence is moot.

Appellant, however, can overcome quashal in the case *sub judice* by establishing that he appealed within thirty days of the April 2, 2014 judgment of sentence. *See* Pa.R.Crim.P. 720(A)(3) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence."); *see also* Pa.R.A.P. 903(a) ("[T]he notice of appeal . . . shall be filed within 30 days after entry of the order from which the appeal is taken."). As we previously stated, the trial court in its April 2, 2014 order notified Appellant of his right to file an appeal within thirty days of new judgment of sentence. Appellant, however, failed to take any action. The record here is devoid of any indication that Appellant filed any notice of appeal within thirty days of the April 2, 2014

*(Footnote Continued)* ———————————

later than [ten] days after imposition of sentence."). As a result, the March 18, 2014 post-sentence motion was untimely. Notwithstanding the untimeliness of the post-sentence motion, we do not conclude that the trial court lacked jurisdiction to modify its judgment of sentence. *See* 42 Pa.C.S.A. § 5505 ("[A] court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."). Accordingly, the imposition of the April 2, 2014 judgment of sentence was proper.

judgment of sentence.[4]  Accordingly, because Appellant failed to appeal from the April 2, 2014 judgment of sentence, we lack jurisdiction over this appeal.

Appeal quashed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2014

---

[4] In his counseled brief, Appellant attempts to cure the jurisdictional defect by purporting to appeal from the April 2, 2014, judgment of sentence.  As stated, however, the record does not contain any evidence that Appellant appealed from the new judgment of sentence.