J-S24038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUSSELL L. ELLIS | : | |
| | : | |
| Appellant | : | No. 1642 WDA 2016 |

Appeal from the PCRA Order September 28, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0002327-2013

BEFORE:   PANELLA, STABILE, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MAY 23, 2017**

Russel L. Ellis ("Appellant") appeals, *pro se*, from the order entered in the Court of Common Pleas of Erie County dismissing his second petition under the Post Conviction Relief Act ("PCRA") as untimely.  Appellant argues that his sentence is illegal under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), raises multiple claims of ineffective assistance of prior counsel, and assails the PCRA court's order granting PCRA counsel's petition to withdraw from his first PCRA petition.  We remand while retaining panel jurisdiction.

The PCRA court aptly summarized the background of the case as follows:

On March 7, 2014, Defendant [hereinafter "Appellant"] appeared before Judge Ernest J. DiSantis, Jr., with his counsel, Michael A.

_____

[*] Former Justice specially assigned to the Superior Court.

DeJohn, Esq., and entered a guilty plea to Count 1: Manufacture, Deliver or Possession with Intent to Manufacture or Deliver, in violation of 35 P.S. § 780-113(a)(3).[]  On April 28th, 2014, Judge DiSantis sentenced Appellant as follows:

> Count 1:  sixty (60) to one hundred twenty (120) months' incarceration with the Pennsylvania Department of Corrections (RRRI Eligible:  fifty (50) months) consecutive to the sentence[] imposed at docket no. CR 2569 of 2009; a thirty thousand dollar and 00/100 ($30,000.00) fine; and court costs.[]

[Having filed no direct appeal,] Appellant filed his first [PCRA petition] on April 30, 2014.  By order dated June 4, 2014, William J. Hathaway, Esq., was appointed as Appellant's PCRA counsel and was directed to supplement or amend Appellant's first PCRA within thirty (30) days.  Attorney Hathaway filed a Motion for Transcripts and Extension of Time on June 12th, 2014, which was granted by Judge DiSantis on June 16th, 2014.  Attorney Hathaway filed a "No Merit" letter and a Petition for Leave to Withdraw as Counsel on September 2nd, 2014.  On September 3, 2014, Judge DiSantis filed a Notice of Intent to Dismiss Appellant's first PCRA Petition and granted Attorney Hathaway's Petition for Leave to Withdraw as Counsel.  Appellant filed a "Petition for Habeas Corpus Relief Pursuant to Article I, Section 14 of the Pennsylvania Constitution and for Post-conviction Relief Pursuant to the [PCRA] and Consolidated Memorandum of Law and Motion for Extension of Time" on September 18th, 2014.  On September 30th, 2014, Judge DiSantis denied both Appellant's first PCRA Petition and his Petition for *Habeas Corpus*/PCRA.  Appellant filed a [*pro se*] Notice of Appeal to the Pennsylvania Superior Court on October 24, 2014.  On March 5, 2015, the Pennsylvania Superior Court dismissed Appellant's [*pro se*] appeal due to Appellant's failure to file a brief.

Appellant filed the instant PCRA petition, his second, on April 15, 2016.  [In Appellant's *pro se* petition, he explicitly indicated that "[t]he PCRA [petition] being filed now is seperate [sic] from the previous PCRA as this petition is only dealing with the matter of an illeagal [sic] sentence, which said cliam [sic] has never been raised and/or adjudicated."]

By order dated April 25, 2016, [the PCRA] court appointed William J. Hathaway, Esq., as Appellant's PCRA counsel and directed Attorney Hathaway to supplement or amend Defendant's *pro se* PCRA Petition within thirty (30) days. Attorney Hathaway filed an Amended PCRA Petition on May 16th, 2016, [raising, inter alia, an **_Alleyne_** challenge against Appellant's sentence]. By Order dated May 17, 2016, [the PCRA court] directed the Commonwealth to respond to Appellant's Amended PCRA Petition within thirty (30) days. The Commonweatlh, by and through Assistant District Attorney Paul S. Sellers, filed a Response to Appellant's PCRA Petition on June 16, 2016. On September 6, 2016, [the PCRA court]filed its Notice of Intent to Dismiss Appellant's second PCRA Petition and directed Appellant to file his Objections on or before September 26, 2016. On September 28, 2016, as no Objections were filed by Appellant or his counsel, William J. Hathawway, Esq., [the PCRA court] dismissed Appellant's second PCRA Petition.[1]

Appellant filed a pro se Notice of Appeal to the Pennsylvania Superior Court on October 5, 2016. [The PCRA court] filed its 1925(b) Order on October 27, 2016. To date, Appellant has not filed a Concise Statement of Errors Complained of on Appeal.

---

[1] The certified record includes a written response, ostensibly prepared by Attorney Hathaway, to the PCRA court's Rule 907 Notice. A close inspection of the response, entitled "Objection Letter to the Proposed Intent to Dismiss PCRA Petition For an Illegal Sentence Pursuant to 18 Pa.C.S.A. 7508(a)(3)(i)(b)," however, reveals it is part of a larger filing signed only by Appellant and bearing a time stamp of October 26, 2016, which was nearly two months after the PCRA court filed its Notice of Intent to Dismiss and one month after the PCRA court entered its order dismissing Appellant's PCRA Petition.

Appellant also filed with the PCRA court a motion for allowance of appeal *nunc pro tunc* in which he explained that he authored the "Objection Letter" prior to the Rule 907 date of dismissal but never filed it because he assumed that his counsel was going to respond on his behalf. In the motion, Appellant declared counsel ineffective for failing to file a response to the PCRA court's Rule 907 Notice. We discern in the record no PCRA court response to Appellant's objections or declarations, and note that the court subsequently responded to Appellant's notice of appeal with several filings addressed to, *inter alia*, Attorney Hathaway. **See** *infra*.

PCRA Court Order, filed 9/28/2016 at 1-3.

Prior to addressing the issues Appellant presents in his *pro se* brief, we *sua sponte* consider whether counsel withdrew from representation in accordance with procedural requirements for withdrawal as outlined in **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*) (**Turner/Finley**).  Because the instant petition is Appellant's second under the PCRA, he normally would not be entitled to appointment of counsel on appeal.  **See Commonwealth v. Jackson**, 965 A.2d 280 (Pa.Super. 2009) (noting automatic right to counsel in collateral appeals applies only to first PCRA petitions).  The Pennsylvania Rules of Criminal Procedure, however, provide "[w]hen counsel is appointed[,] . . . the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, **including any appeal** from disposition of the petition from post-conviction collateral relief."  Pa.R.Crim.P. 904(F)(2) (emphasis added).  **See Jackson**, 965 A.2d at 283.  Accordingly, appointed counsel seeking withdrawal from representation in a second PCRA proceeding, including an appeal, must comply with **Turner/Finley** procedures governing withdrawal.  **Jackson**, **supra**.  **See Commonwealth v. Glacken**, 32 A.3d 750, 753 (recognizing that where PCRA court appoints counsel in second petition, appointed counsel must either serve as advocate or proceed in accordance with **Turner** and **Finley**).

Here, the PCRA court made a discretionary appointment of counsel to represent Appellant in his second petition under the PCRA. Since the time of appointment, the PCRA court entered no order permitting Attorney Hathaway to withdraw. There is no indication that counsel petitioned to withdraw, nor is there a record that Appellant requested to proceed *pro se*. Even assuming that Appellant made such a request at some point, there is no on-the record review conducted by the PCRA court to ascertain that Appellant was making a knowing, intelligent, and voluntary waiver of his right to counsel. *See Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998). Indeed, the PCRA court appears to have considered Attorney Hathaway as Appellant's counsel of record on the present appeal, as the court cc'd Attorney Hathaway in both its October 28, 2016, Rule 1925(b) Concise Statement Order and its subsequent Rule 1925(a) Opinion. Yet, we have only a *pro se* brief from Appellant.

In *Glacken*, this Court was similarly presented with "only a *pro se* brief in a case where counsel never was permitted to withdraw and [the appellant] never waived his right to counsel." *Glacken*, 32 A.3d at 753. Relying on clear authority prohibiting hybrid representation, we quashed the appeal for lack of either an advocate's or *Turner/Finley* brief, acknowledging that counsel's failure in this regard worked to the detriment of his client.

Unlike in *Glacken*, however, we lack a clear, overt expression from the PCRA court that Attorney Hathaway remains counsel of record, as the

record before us arguably allows the inference that the PCRA court may have permitted Appellant to proceed *pro se*. Therefore, we defer quashing the present appeal, as was done in **Glacken**, until the PCRA court substantiates, on remand, that Appellant did not knowingly, intelligently, and voluntarily waive his right to counsel for purposes of his PCRA appeal, and that it did not dismiss counsel in contravention of **Turner/Finley**.

If, instead, the PCRA court substantiates that it granted Appellant's request to proceed *pro se*, and did so in conformance with the dictates of **Grazier**, then our concerns with hybrid representation are obviated, and we will address the issues Appellant has raised in the present appeal.

Finally, in the event the PCRA court acknowledges that it relieved counsel of his duty to represent Appellant despite the dictates of either **Grazier** or **Turner/Finley**, respectively, then the PCRA court is to appoint new counsel, who may file a Rule 1925(b) statement *nunc pro tunc* to preserve Appellant's issues on appeal. In such instance, the PCRA court may file a new Rule 1925(a) opinion or rely on its existing one, and our prothonotary shall set a new briefing schedule for the parties. **See Jackson**, 965 A.2d at 284. The PCRA court shall have 60 days from the date of this memorandum decision to enter an appropriate order clarifying the uncertainties regarding Appellant's representation.

Case remanded for PCRA court action consistent with this decision. Panel jurisdiction retained.