J-S24038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| RUSSELL L. ELLIS | : | |
| Appellant | : | No. 1642 WDA 2016 |

Appeal from the PCRA Order September 28, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002327-2013

BEFORE: PANELLA, STABILE, JJ., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.: **FILED JULY 10, 2017**

This matter returns to us after we ordered the PCRA court to conduct an evidentiary hearing to clarify whether Appellant, who ostensibly filed a *pro se* appeal with this Court although represented by appointed counsel below, was doing so in compliance with our jurisprudence governing self-representation. Having conducted the hearing, the PCRA court now confirms that Appellant never waived his right to appointed PCRA counsel and Attorney Hathaway remained counsel of record at all times relevant to the instant appeal.

In light of the PCRA court's determination, we are precluded, under **Commonwealth v. Glacken**, 32 A.3d 750 (Pa.Super. 2011) and its

_____

[*] Former Justice specially assigned to the Superior Court.

proscription against hybrid representation, from reviewing Appellant's self-styled *pro se* brief. Critically, that leaves us without a brief to review in the present matter.

In much the same way as occurred herein, the **Glacken** panel was presented with only a *pro se* brief in a case where PCRA counsel had never filed a no-merit letter and petition to withdraw, the court had never permitted counsel to withdraw, and Glacken had never waived his right to counsel. *Id.* at 751, 753. We, therefore, observed that governing authority requiring an appellant to "either allow his attorney to represent him or request permission to proceed *pro se*" constrained us to quash Glacken's appeal for lack of a counseled brief. *Id.* at 753.[1] Without a counseled brief in the present matter, we, too, must quash Appellant's appeal.

Appeal quashed.

_____

[1] **Glacken** observed, further, that if the appellant should choose to file another PCRA petition, Pa.R.Crim.P. 904 permitted, *inter alia*, appointment of counsel if it is necessary in the interests of justice. The panel also admonished that counsel, if appointed, "*must* either serve as an advocate or proceed in accordance with [**Commonwealth v. Turner**, 544 A.2d 927 (1988)] and [**Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988)]. It appears from the record that current counsel did neither, to the detriment of his client." **Glacken**, 32 A.3d at 753.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/10/2017</u>