J-S05038-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| RAKEISH RAHSAAN COTTON, | : | |
| Appellant | : | No. 1361 WDA 2017 |

Appeal from the PCRA Order July 31, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002484-2001,
CP-02-CR-0002965-2001, CP-02-CR-0012802-2001

BEFORE:     OLSON, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:     **FILED APRIL 11, 2018**

Rakeish Rahsaan Cotton (Appellant) appeals *pro se* from the July 31, 2017 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We vacate the order and remand for further proceedings consistent with this memorandum.

After a jury found Appellant guilty of second-degree murder, robbery, robbery of a motor vehicle, and conspiracy, Appellant was sentenced on June 12, 2002, to life imprisonment and a consecutive 10-to-20 year sentence.  The convictions were affirmed on direct appeal to this Court.  ***Commonwealth v. Cotton***, 876 A.2d 460 (Pa. Super. 2005) (unpublished memorandum).  Our Supreme Court denied allowance of appeal on August 25, 2005.  ***Commonwealth v. Cotton***, 881 A.2d 818 (Pa. 2005).

---

*Retired Senior Judge assigned to the Superior Court.

Appellant timely filed a PCRA petition on May 10, 2006. The PCRA court dismissed the petition without a hearing on October 6, 2006. He filed an appeal to this Court, and we affirmed the PCRA court on April 16, 2008. ***Commonwealth v. Cotton***, 953 A.2d 825 (Pa. Super. 2008) (unpublished memorandum). Again, allowance of appeal was denied. ***Commonwealth v. Cotton***, 956 A.2d 432 (Pa. 2008).

Appellant filed his second PCRA petition on August 7, 2012. The PCRA court dismissed the petition without a hearing on October 1, 2012. He filed an appeal to this Court, and we affirmed the PCRA court on November 15, 2013. ***Commonwealth v. Cotton***, 91 A.3d 1287 (Pa. Super. 2013) (unpublished memorandum). Again, allowance of appeal was denied. ***Commonwealth v. Cotton***, 89 A.3d 659 (Pa. 2014) (*per curiam* order).

On December 3, 2016, Appellant filed *pro se* his third PCRA petition. On January 24, 2017, privately-retained counsel, Craig M. Cooley, Esquire, filed an entry of appearance on Appellant's behalf. On March 10, 2017, the PCRA court issued an order, which, *inter alia*, returned Appellant's petition to defendant's counsel "for amendment/adoption or other pleading by April 10, 2017." The Court served the order on Appellant and Attorney Cooley. The record does not indicate that Attorney Cooley took any further action.

On March 29, 2017, Appellant *pro se* filed a motion for waiver of counsel. In the motion, Appellant sought to "waive the right to be represented by counsel" and proceed *pro se*. Motion for Waiver of Counsel, 3/29/2017, at 2.

The following day, Appellant filed *pro se* an amended PCRA petition. The PCRA court subsequently issued a notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.A.P. 907.[1] The Rule 907 notice neither addressed Appellant's request to proceed *pro se* nor was served on Attorney Cooley. Notice of Intent to Dismiss, 7/11/2017, at 1.

On May 23 and 25, 2017, Appellant filed *pro se* two documents requesting an evidentiary hearing and objecting to the court's notice of intent to dismiss. On July 11, 2017, Appellant filed *pro se* a motion to ascertain the status of his PCRA petition.[2] On July 31, 2017, the PCRA court dismissed Appellant's petition. Appellant timely filed *pro se* a notice of appeal on August 11, 2017. On August 15, 2017, the clerk of courts forwarded Appellant's notice of appeal to Attorney Cooley; the record does not indicate that Attorney Cooley took any further action. On October 2, 2017, the PCRA court ordered

---

[1] The Rule 907 notice is dated May 17, 2017, but it was not entered on the docket until July 11, 2017. Appellant presumably received the notice in a timely fashion because Appellant objected to the dismissal prior to the deadline imposed by the court.

[2] On July 28, 2017, Appellant filed *pro se* a notice of appeal from Rule 907 notice of intent to dismiss. The clerk of courts notified Appellant that his appeal was premature due to a final order not being issued and did not forward the notice of appeal to this Court. This was improper. **See** Pa.R.A.P. 905(b) (requiring the clerk of courts to "immediately transmit to the prothonotary of the appellate court named in the notice of appeal a copy of the notice of appeal…."); **Commonwealth v. Williams**, 106 A.3d 583, 588-89 (Pa. 2014) (holding the clerk of courts is "obligated to accept and process notices of appeal upon receipt in accordance with the Rules of Appellate Procedure, notwithstanding any perceived defects therein").

Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. Appellant filed *pro se* a concise statement, and the PCRA Court subsequently issued an opinion pursuant to Pa.R.A.P. 1925(a).

In this Court, Appellant filed a brief *pro se* claiming that his PCRA petition satisfied a timeliness exception, and that the PCRA court erred in dismissing his petition without a hearing. Appellant's Brief at ix. Before we consider the merits of the appeal, we must determine whether the issues are properly before us.

Because this was Appellant's third PCRA petition and no evidentiary hearing was held, Appellant did not have a rule-based right to counsel. **See** Pa.R.Crim.P. 904(C), (D). Nevertheless, Appellant was free to retain his own counsel. As noted above, Attorney Cooley entered his appearance on Appellant's behalf pursuant to Pa.R.Crim.P. 904(A) ("Counsel for defendant shall file a written entry of appearance with the clerk of courts promptly after being retained, and serve a copy on the attorney for the Commonwealth."). Because this Commonwealth prohibits hybrid representation, once Attorney Cooley entered his appearance, Appellant's ability to proceed *pro se* ceased. **Commonwealth v. Willis**, 29 A.3d 393, 400 (Pa. Super. 2011). Further, once he entered his appearance, Attorney Cooley was obligated to represent Appellant or seek leave of court to withdraw. **See** Pa.R.Crim.P. 120(A)(4) ("An attorney who has been retained … shall continue such representation

through direct appeal or until granted leave to withdraw by the court pursuant to paragraph (B).").  He did neither.

For its part, despite Attorney Cooley's representation of Appellant, the PCRA court accepted and ruled upon Appellant's *pro se* amended PCRA petition.  This was error.  **See Willis**, 29 A.3d at 400 (holding the trial court erred by accepting an amended PCRA petition filed *pro se* by a petitioner who was represented by counsel).  Generally, *pro se* filings by represented parties have no legal effect and are legal nullities.  **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016).  "When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken."  **Id.**

Furthermore, the PCRA court did not serve any of its orders upon Attorney Cooley after its initial March 10, 2017 order requiring Attorney Cooley to file an amended petition or other filing by April 10, 2017.  **See** Pa.R.Crim.P. 114(B)(1) ("A copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented.").  Finally, the clerk of courts failed to forward Appellant's *pro se* filings to Attorney Cooley, except for the August 11, 2017 notice of appeal.  **See** Pa.R.Crim.P. 576(A)(4) (providing that the clerk of courts shall accept for filing documents submitted *pro se* by a represented defendant and forward copies to the defendant's attorney).

Due to the procedural quagmire below, we vacate the PCRA court's order dismissing Appellant's petition and remand to the PCRA court to rule on Appellant's request to proceed *pro se*.[3]

Order vacated. Remand for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 4/11/2018

---

[3] We decline to quash or dismiss Appellant's appeal. Although Appellant was still represented by counsel at the time he filed the notice of appeal, we are permitted to consider his *pro se* notice of appeal. **See Commonwealth v. Cooper**, 27 A.3d 994, 1007 (Pa. 2011) (holding that a *pro se* notice of appeal from a final judgment filed by a represented appellant is not automatically void). Further, unlike in **Commonwealth v. Glacken**, 32 A.3d 750 (Pa. Super. 2011), where this Court quashed an appeal filed *pro se* by a represented party due to the lack of a counseled brief, Appellant requested permission to proceed *pro se*. **See Glacken**, 32 A.3d at 753 (holding that Pa.R.A.P. 3304 and **Commonwealth v. Ellis**, 626 A.2d 1137 (Pa. 1993) required the Court to quash the appeal because an appellant must either allow his attorney to represent him or request permission to proceed *pro se*).