J-S32038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT JAMES SANCHEZ | : | |
| | : | |
| Appellant | : | No. 494 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 1, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0004142-2017

BEFORE:  SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JULY 15, 2019**

Vincent James Sanchez (Appellant) appeals from the judgment of sentence imposed after he pled guilty to burglary of an overnight accommodation with persons present, 18 Pa.C.S.A. § 3502(a)(1)(ii).  Upon review, we affirm.

The charges arose from an incident that occurred on October 15, 2017, when Appellant, while wearing a mask and carrying a firearm, attempted to gain entry by force into a residence in Bethlehem, Pennsylvania.  N.T., 6/1/18, at 10-11.  On June 1, 2018, Appellant appeared before the trial court and pled guilty.  That same day, pursuant to a negotiated plea agreement, the trial court sentenced Appellant to 4 to 8 years of incarceration.

On June 13, 2018, Appellant *pro se* filed a motion for reconsideration of sentence with the trial court.  On June 18, 2018, the trial court issued an order stating that it would not consider the motion because Appellant was still

represented by Northampton County Assistant Public Defender Rory Driscole. Trial Court Order, 6/18/18. ***See also*** Pa.R.A.P. 3304 ("Where a litigant is represented by an attorney before the Court and the litigant submits for filling a petition, motion, brief or any other type of pleading in the matter, it shall not be docketed but forwarded to counsel of record."). The *pro se* filing was referred to Attorney Driscole, who was instructed "to take any action deemed appropriate on [Appellant's] behalf." ***Id.*** (footnote omitted).

On July 5, 2018, Appellant *pro se* filed a second motion for reconsideration. The trial court responded on July 7, 2018 by again noting that it would not consider the motion because Attorney Driscole was still Appellant's counsel of record. Trial Court Order, 7/7/18. Attorney Driscole was again instructed "to take any action deemed appropriate on [Appellant's] behalf." ***Id.*** (footnote omitted).

On August 1, 2018, the trial court granted Attorney Driscole leave to withdraw as Appellant's counsel. On August 13, 2018, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. On August 17, 2018, the trial court appointed PCRA counsel, who filed an amended PCRA petition on October 26, 2018. In his petition, Appellant argued, *inter alia*, that Attorney Driscole provided ineffective assistance of counsel for failing to file a direct appeal. Appellant's Amended PCRA Petition, 10/26/18, at 2. The trial court convened a hearing on November 11, 2018, and thereafter, both parties submitted briefs.

On January 2, 2019, the trial court granted Appellant "leave to file a direct appeal of his June 1, 2018 sentence in the above-captioned matter, *nunc pro tunc*, within twenty (20) days[.]" Trial Court Order, 1/2/19, at 1. The trial court, however, declined to review "the merits of any of the other issues raised in [Appellant's] PCRA petition[.]" **Id.** at 3 (citing **Commonwealth v. Harris**, 114 A.3d 1 (Pa. Super. 2015)).

Appellant filed a notice of appeal on January 18, 2019, and an amended notice of appeal on January 24, 2019.[1] Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents a single issue for our review, challenging the discretionary aspects of his sentence. **See** Appellant's Brief at 9. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction

---

[1] Appellant's January 18, 2019 notice of appeal incorrectly listed the order being appealed from as the January 2, 2019 trial court order granting him leave to file his appeal *nunc pro tunc*. **See** Appellant's Notice of Appeal, 1/18/19. Appellant filed an amended notice of appeal on January 24, 2019 which correctly stated the order being appealed from as his June 1, 2018 judgment of sentence. **See** Appellant's Amended Notice of Appeal, 1/24/19. By order filed March 20, 2019, this Court directed the Superior Court Prothonotary "to amend the Superior Court docket in the above-captioned appeal to reflect that the 'Order Appealed From' is June 1, 2018." Order, 3/20/19.

when challenging the discretionary aspects of a sentence." ***Id.*** We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).

Here, Appellant has filed a timely notice of appeal and included in his brief a Rule 2119(f) concise statement. ***See*** Appellant's Brief at 13-15. However, Appellant has failed to preserve his discretionary claim by raising it at the time of sentencing or in a post-sentence motion. Therefore, Appellant's sole issue is waived.

Our Rules of Appellate Procedure provide: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "[I]ssues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa. Super. 2003) (citations omitted). "Moreover, a party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 469 (Pa. Super. 2017) (citations and emphasis omitted). This Court will not

overlook waiver simply because the trial court substantively addressed the issue in its 1925(a) opinion. *See Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1287-89 (Pa. Super. 2004) (*en banc*).

Upon review, we find our decision in *Commonwealth v. Nischan*, 928 A.2d 349 (Pa. Super. 2007) to be dispositive. In *Nischan*, we held that the appellant failed to preserve his discretionary sentencing claim for two reasons. We explained:

> First, Appellant had no right to file a *pro se* motion because he was represented by counsel. This means that his *pro se* post-sentence motion was a nullity, having no legal effect. Second, the motion, in a rather unclear fashion, sought to withdraw the guilty plea and to challenge the validity of the mandatory minimum sentence. It did not challenge any discretionary aspects of sentence. While the motion did at one point mention the word "excessive," it did so in the context of contesting the mandatory second strike penalty. The motion certainly did not state a challenge to the discretionary aspects of sentencing "with specificity and particularity" as is required by Pa.R.Crim.P. 720(B)(1)(a).

*Id.* at 355 (citations omitted). Accordingly, we found the appellant's discretionary claim to be waived. *Id.*

Likewise, Appellant in the instant case filed two *pro se* post-sentence motions while he was represented by Attorney Driscole. Pennsylvania courts disfavor hybrid representation,[2] and both motions were nullities, having no legal effect. *Nischan*, 928 A.2d at 355 (citing *Commonwealth v. Piscanio*,

---

[2] "[T]he policies that advise against allowing hybrid representation are well established." *Commonwealth v. Jette*, 23 A.3d 1032, 1041 (Pa. 2011).

608 A.2d 1027, 1029 n.3 (Pa. 1992)). *See also Commonwealth v. Jette*, 23 A.3d 1032, 1044 (Pa. 2011) ("[W]e reiterate that the proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion."); *Commonwealth v. Glacken*, 32 A.3d 750, 752 (Pa. Super. 2011) ("Pursuant to our Rules of Appellate [P]rocedure and decisional law, this Court will not review the *pro se* filings of a counseled appellant.") (citations omitted); and Pa.R.A.P. 3304.

Furthermore, in his *pro se* post-sentence motions, Appellant did not claim that his sentence was excessive. *See* Appellant's *pro se* Motion for Reconsideration, 6/13/18; Appellant's *pro se* Motion for Reconsideration, 7/5/18. Instead, Appellant stated in both *pro se* motions that his sentence was "unduling" [sic] and he "requests a lesser sentence or be qualified for boot camp." *Id.* On this record, and consistent with *Nischan*, we conclude that neither of Appellant's *pro se* motions "state a challenge to the discretionary aspects of sentencing 'with specificity and particularity' as is required by Pa.R.Crim.P. 720(B)(1)(a)." *Nischan*, 928 A.2d at 355.

In sum, Appellant's sentencing claim is waived because he failed to preserve it at sentencing[3] or in a post-sentence motion. We therefore affirm the judgment of sentence.

---

[3] *See* N.T., 6/1/18, at 1-17.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/19