J-A22044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                 :           PENNSYLVANIA
                                 :
             v.                     :
                                 :
                                 :
ALI ELIJAH DAVIS              :
                                 :
          Appellant          :    No. 525 EDA 2019

Appeal from the PCRA Order Entered January 30, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002141-2008

BEFORE: MURRAY, J., STRASSBURGER, J.[*], and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED OCTOBER 04, 2019**

Ali Elijah Davis (Davis) appeals *pro se* from the order by the Court of Common Pleas of Northampton County (PCRA court) dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We vacate and remand.

Based on our disposition, a full recitation of the facts underlying Davis's appeal is unnecessary. We glean the following relevant facts from the certified record. Davis was convicted following a jury trial of three counts of first-degree murder and related crimes. ***Commonwealth v. Davis***, 457 EDA 2016, at *2 (Pa. Super. March 1, 2017) (memorandum opinion) (citations omitted). His judgment of sentence was affirmed by this Court on direct

_____

[*] Retired Senior Judge assigned to the Superior Court.

appeal, and his petition for allowance of appeal in our Supreme Court was denied. *Id.* Davis timely filed his first PCRA petition on January 15, 2014, the denial of which we affirmed on March 1, 2017. *Id.* at *13.[1]

On November 21, 2018, Davis filed a "Motion for Permission to File a Successive Petition for Post-Conviction Relief, 42 Pa.C.S. § 9541 et seq., and In Accordance with the Recent Decision of the Pennsylvania Supreme Court in *Commonwealth v. Fulton*." The PCRA court correctly treated this as a *pro se* PCRA petition, and on November 30, 2018, it appointed counsel to represent Davis.[2] In that same order, the PCRA court scheduled an "issue framing conference" for January 4, 2019. The conference was subsequently rescheduled for January 11, 2019.

---

[1] Davis's appointed counsel for his first PCRA petition filed a motion to withdraw as counsel and accompanying "no merit" brief pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. 1988) (*en banc*). *Davis*, 457 EDA 2016, at *3-4. In affirming the denial of Davis's first PCRA petition, this Court also granted counsel's motion to withdraw. *Id.* at *13.

[2] A PCRA petitioner is not entitled to counsel for a successive PCRA petition. *See* Pa.R.Crim.P. 904(C), (D). On a successive petition, a petitioner is entitled to the appointment of counsel if he or she is indigent and an evidentiary hearing is necessary. Pa.R.Crim.P. 904(D). However, in all instances, a PCRA court "shall appoint counsel to represent a defendant whenever the interests of justice require it." Pa.R.Crim.P. 904(E). As this was Davis's second PCRA petition, and the PCRA court dismissed the petition without a hearing, it appears that the PCRA court appointed counsel pursuant to Pa.R.Crim.P. 904(E).

Nevertheless, prior to the scheduled issue framing conference, the PCRA court issued a Notice of Intent to Dismiss PCRA Petition Without Hearing. **See** Notice of Intent to Dismiss, 12/21/2018, at 1. The PCRA court found that the PCRA petition was time-barred under 42 Pa.C.S. § 9545(b). **Id.** However, the PCRA court's order indicated that "Petitioner **or his PCRA Counsel** may respond to the proposed dismissal of his PCRA petition within 20 days of the date of this Order." **Id.** (emphasis added). The notice further directed PCRA counsel to appear at the scheduled January 11, 2019 issue framing conference to address the Notice of Intent to Dismiss. **Id.**

On January 16, 2019, Davis filed a *pro se* objection to the PCRA court's Notice of Intent to Dismiss. Subsequently, the PCRA court issued an order and statement of reasons dismissing the PCRA petition on the basis that it was time-barred under 42 Pa.C.S. § 9545(b). **See** PCRA Court Order, 1/30/2019, at 1. In that opinion, the PCRA court also briefly addressed Davis's representation:

> At the issue framing conference held January 11, 2019, PCRA counsel indicated that she agreed with the analysis in our Notice of Intent to Dismiss, but wanted more time to consult with her client. Since the conference we have had no further contact with counsel. On January 16, 2019, [Davis] filed his *pro se* response objecting to our legal analysis set forth in the [Notice of Intent to Dismiss].

**Id.** at 5. The PCRA court then reiterated its legal analysis regarding the timeliness of Davis's petition and dismissed it. **Id.** at 6-13.

- 3 -

Davis then filed a timely *pro se* Notice of Appeal and a timely *pro se* Concise Statement of Issues Complained of on Appeal. The PCRA court filed a responsive opinion relying on the statement of reasons set forth in its order dismissing the petition. Davis filed a *pro se* brief in this Court and the Commonwealth has filed a responsive brief.

Before reaching the merits of Davis's appeal, we must address his *pro se* status in this Court.[3] All of Davis's filings in the present proceedings have been *pro se*. While the PCRA court appointed counsel to represent Davis after he filed the instant petition, counsel never filed a petition to withdraw from representation of Davis nor did counsel file an amended PCRA petition, a response to the Notice of Intent to Dismiss or any filings related to Davis's appeal.[4] PCRA counsel has also not entered an appearance in this Court.

_____

[3] **See Commonwealth v. Jackson**, 965 A.2d 280, 284 (Pa. Super. 2009) (addressing *pro se* petitioner's right to counsel on a second PCRA petition *sua sponte* and remanding for appointment of counsel for appeal); **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011) (remanding for appointment of counsel for first-time PCRA petitioner even though petitioner did not raise the issue on appeal).

[4] The certified record contains a letter from PCRA counsel to Davis informing him that the PCRA court had issued a Notice of Intent to Dismiss. **See** Letter, 1/3/2019. The letter instructs Davis to contact PCRA counsel to "discuss next steps." **Id.** The letter does not include a filing stamp from the clerk of courts so it is unclear whether the letter was attached to one of Davis's *pro se* filings or provided to the court by PCRA counsel. In any event, the letter is not a motion to withdraw as counsel and it does not inform Davis or the court that PCRA counsel wished to withdraw from representation.

When counsel is appointed to represent a PCRA petitioner, "the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition." Pa.R.Crim.P. 904(F)(2). This Court has held that Rule 904(F)(2) applies not just in cases where counsel is appointed as of right for a first-time PCRA petitioner, but also when counsel is appointed by the court for an evidentiary hearing on a second PCRA petition. *Jackson*, *supra*. Moreover, the rules of criminal procedure require an attorney to seek leave of court before withdrawing from representation of a client. *See* Pa.R.Crim.P. 120(B); *Commonwealth v. Qualls*, 785 A.2d 1007, 1010 (Pa. Super. 2001). To withdraw from representation of a defendant in a PCRA matter on the basis that the petition presents no meritorious, non-frivolous issues for review, counsel is required to comply with the mandates of *Turner*/*Finley*, *supra*.

Here, the PCRA court made a discretionary appointment of counsel to represent Davis in his second PCRA petition and no subsequent order permitting counsel to withdraw has ever been entered. Rather, the PCRA court acknowledged in its order dismissing the petition that it had "no further contact with counsel" after the issue framing conference on January 11, 2019. *See* PCRA Court Order, 1/30/2019, at 5. Further, nothing in the record indicates that Davis has requested to proceed *pro se* on appeal. Even if Davis had requested to do so, the record does not reflect whether the PCRA court conducted a colloquy to determine if Davis was waiving his right to

representation knowingly, intelligently and voluntarily. *Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa. Super. 2011).

Davis filed *pro se* an objection to the Notice of Intent to Dismiss, his Concise Statement, and his appellate brief, but because he had counsel at the time of these filings, they amount to impermissible hybrid representation. *See Commonwealth v. Glacken*, 32 A.3d 750, 753 (Pa. Super. 2011). This situation is analogous to *Glacken*, where appointed PCRA counsel appeared at the petitioner's PCRA hearing and informed the court that he did not believe Glacken had any meritorious issues. *Id.* at 751. However, counsel did not file a no-merit letter and petition to withdraw pursuant to *Turner*/*Finley*. *Id.* Glacken subsequently filed all appellate documents *pro se*, despite the PCRA court's express acknowledgement that counsel of record remained on the case. *Id.* at 752. This Court had to quash the appeal for lack of an advocate's brief as the only filing in appellate court was a "*pro se* brief in a case where counsel never was permitted to withdraw and Glacken never waived his right to counsel." *Id.* at 753.

Here, unlike in *Glacken*, the PCRA court's orders following the Notice of Intent to Dismiss do not expressly confirm that PCRA counsel continued to represent Davis. While the Notice of Intent to Dismiss specifically informs Davis and his counsel of the right to file objections, the order dismissing the petition, the order requiring the filing of a Concise Statement, and the opinion pursuant to Pa.R.A.P. 1925(a) only reference Davis, not PCRA counsel.

The order dismissing the petition merely notes that the PCRA court had "no further contact with counsel" after the issue framing conference, acknowledging that counsel never formally withdrew from representation. *See* PCRA Court Order, 1/30/2019, at 5. As there is no transcript of the issue framing conference in the certified record, we are unable to determine whether Davis ever requested to proceed *pro se* on appeal. However, the certificate of service for Davis's *pro se* objections to the Notice of Intent to Dismiss indicates that he served the objections on PCRA counsel, suggesting that he was still represented. Finally, the record does not reflect whether any of the PCRA court's orders related to the appeal were served on PCRA counsel.

Therefore, we vacate the order dismissing Davis's petition and remand for the PCRA court to determine the status of Davis's representation in these proceedings. If the PCRA court confirms that Davis wishes to proceed *pro se* and an appropriate colloquy is conducted, then it may properly consider the issues raised in Davis's *pro se* objections to the Notice of Intent to Dismiss. If the PCRA court determines that Davis did not waive his right to counsel but PCRA counsel has nonetheless ceased representation of Davis without seeking to withdraw, it should appoint new counsel to represent Davis through the conclusion of any further proceedings. *See* Pa.R.Crim.P. 904(F)(2).

Order vacated. Case remanded for additional proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/4/19