J-S89036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JHILEEL BURTON | |
| Appellant | No. 1055 EDA 2016 |

Appeal from the PCRA Order March 11, 2016
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000116-2013

BEFORE: SHOGAN, MOULTON, and FITZGERALD,* JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED AUGUST 21, 2017**

Appellant, Jhileel Burton, appeals from the order entered in the Montgomery County Court of Common Pleas denying his Post Conviction Relief Act[1] ("PCRA") petition. This case returns to us after we remanded to have counsel comply with all of the requirements of ***Turner/Finley***,[2] including filing a petition to withdraw with this Court.[3] Appellant's counsel

---

\* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] Appellant's counsel, John W. Aitchison, Esq., had filed an ***Anders*** brief, which we regarded as a ***Turner/Finley*** brief. ***See Anders v. California***, 386 U.S. 738 (1967). We note that in ***Commonwealth v. Wrecks***, 931 A.2d 717 (Pa. Super. 2007), this Court explained the standard for withdrawal of counsel on collateral review.

has substantially complied. We grant counsel's petition to withdraw and

affirm the order below.

---

> Counsel petitioning to withdraw from PCRA representation must proceed not under ***Anders*** but under [***Turner***/***Finley***]. Similar to the ***Anders*** situation, ***Turner***/***Finley*** counsel must review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> \* \* \*
>
> It is thus apparent that ***Anders*** and ***Turner***/***Finley*** are close cousins, bearing similarities in that counsel is required to examine the record, present issues, and request permission to withdraw. However, there are also significant differences. ***Anders*** applies to direct appeals; ***Turner***/***Finley*** applies to PCRA cases. ***Anders*** counsel is not permitted to withdraw unless the appeal is wholly frivolous, but ***Turner***/***Finley*** counsel is permitted to do so if the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous. Also, ***Anders*** counsel must not argue against the client's interests while ***Turner***/***Finley*** counsel must do so, articulating why the client's claims have no merit.

***Id.*** at 721-22 (citations omitted). "Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** letter." ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted).

The facts are unnecessary for our disposition. The relevant procedural history of this case as stated by the PCRA court is as follows:

On September 6, 2013, [Appellant] entered a plea of guilty to one count of conspiracy to commit robbery and nineteen counts of robbery. The terms of the plea agreement included one limitation on the sentence to be imposed: rather than pursue a mandatory minimum sentence for each of the nineteen crimes of violence with a visibly possessed firearm, pursuant to 42 Pa.C.S. § 9712, the Commonwealth would seek only one. [On December 9, 2013, t]he undersigned judge ordered [Appellant] to serve an aggregate term of eight to sixteen years' imprisonment, which included a single mandatory term of five years, and a consecutive term of four years' probation.

[Appellant] did not appeal from his judgment of sentence.

\* \* \*

[O]n May 21, 2015, [A]ppellant, acting *pro se*, mailed a petition for post-conviction collateral relief to the Clerk of Courts, who filed the petition on the docket on May 28, 2015.

By order dated June 24, 2015, filed June 25, 2015, the undersigned judge appointed Brendan M. Campbell, Esquire, to represent [Appellant], to determine whether [Appellant] may be entitled to relief under the [PCRA] and to amend the *pro se* petition as necessary to obtain any relief to which [Appellant] may have been entitled under the Act. The order appointing counsel expressly directed [Appellant] to refrain from filing any documents on the record, with the exception of an application for a change of counsel, or to proceed without counsel. The undersigned judge served [Appellant] with a copy of that order. Before Mr. Campbell took any action of record, [Appellant] acting *pro se*, filed an amended PCRA petition on September 8, 2015. He did so without seeking or obtaining leave of court to act on his own behalf while simultaneously represented by counsel, and without seeking or obtaining leave of court to file an amended PCRA petition. The

undersigned judge disregarded the September 8th petition.[4]

On September 23, 2015[,] Mr. Campbell filed an application to withdraw from representing [Appellant] and submitted a "no merit letter" dated August 21, 2015, in accordance with [*Turner*, 544 A.2d at 927]. Mr. Campbell determined [Appellant] was not eligible for relief under the Act because his *pro se* petition was untimely. In response to Mr. Campbell's application and no merit letter, the

---

[4] We note that:

[p]ursuant to our Rules of Appellate procedure and decisional law, this Court will not review the *pro se* filings of a counseled appellant. ***Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007) (noting that an appellant's *pro se* filings while represented by counsel are legal nullities) [ ]; ***Commonwealth v. Ellis***, [ ] 626 A.2d 1137, 1140–41 ([Pa.] 1993) (same). Rule 3304 of the Pennsylvania Rules of Appellate procedure provides as follows:

**Rule 3304. Hybrid Representation**

Where a litigant is represented by an attorney before the Court and the litigant submits for filing a petition, motion, brief or any other type of pleading in the matter, it shall not be docketed but forwarded to counsel of record.

Pa.R.A.P. 3304.

In ***Ellis***, our Supreme Court wrote that "[a] represented appellant may petition to terminate his representation; he may, acting pursuant to the rules of criminal procedure, proceed on his own behalf. Conversely, he may elect to allow counsel to take his appeal[.]" ***Ellis***, [ ] 626 A.2d at 1141 [ ]. An appellant may not, however, offer *pro se* filings while he continues to be represented by counsel. ***Id.***

***Commonwealth v. Glacken***, 32 A.3d 750, 752-53 (Pa. Super. 2011).

undersigned judge granted him leave to withdraw as court-appointed counsel for [Appellant] by order dated September 29, 2015, filed September 30, 2015.

* * *

In an abundance of caution, the undersigned judge appointed John W. Aitchison, Esquire to review the record and to determine whether the decision in [**Commonwealth v. Melendez-Negron**, 123 A.3d 1087 (Pa. Super. 2015)] might apply by analogy to [Appellant's] *pro se* PCRA petition, and whether court-appointed counsel could amend the petition to plead a claim of arguable merit.

* * *

On December 28, 2015, Mr. Aitchison filed an amended PCRA petition on behalf of [Appellant]. The amended petition pled that [Appellant] was entitled to relief under the PCRA on two grounds: a violation of the Constitution of the United States and the ineffective assistance of counsel.

* * *

The undersigned judge . . . filed a notice of intention to dismiss the amended PCRA petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). The notice expressly informed [Appellant] that the reason for the dismissal was the failure of the PCRA petition to plead an exception to the timeliness requirement of 42 Pa.C.S. § 9545(b). . . . The notice gave [Appellant] twenty days to file a response. [Appellant] did not respond to the notice. On March 11, 2016[,] the undersigned judged filed an order denying the amended PCRA petition without a hearing. The instant appeal followed.

PCRA Ct. Op., 5/27/16, at 2-3, 6-8, 10. Appellant filed a court-ordered

Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The PCRA

court filed a responsive opinion.

Appellant's counsel filed a petition to withdraw representation pursuant to **Anders**. However, counsel did not file a separate petition to withdraw as counsel in this Court. Accordingly, in an abundance of caution to ensure proper notice to Appellant, we directed counsel to file a separate petition to withdraw from representation. **Commonwealth v. Burton**, 1055 EDA 2016 (unpublished judgment order at 2-3) (Pa. Super. Apr. 7, 2017). Counsel filed a petition to withdraw. Appellant did not file a *pro se* response.

Prior to addressing the issues raised in the **Anders** brief, we first examine counsel's petition to withdraw. **See Commonwealth v. Daniels**, 947 A.2d 795, 797 (Pa. Super. 2008).

> [I]ndependent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:
>
> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The PCRA court conducting its own independent review of the record; and
>
> 5) The PCRA court agreeing with counsel that the petition was meritless.

**Widgins**, 29 A.3d at 817-18 (citations and punctuation omitted). Further, the **Widgins** Court explained:

> The Supreme Court [in ***Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009),] did not expressly overrule the additional requirement imposed by the [***Commonwealth v. Friend***, 896 A.2d 607 (Pa. Super. 2006)] decision, *i.e.*, that PCRA counsel seeking to withdraw contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

***Id.*** at 818 (some citations omitted).

Instantly, counsel stated that he conducted a conscientious examination of the record and reached a determination that the appeal was wholly frivolous and that the petition was time barred. ***See*** Petition to Withdraw as Counsel for Appellant, 5/9/17, at 2. He advised Appellant that he had an immediate right to proceed *pro se* or with private counsel. ***See id.*** Accordingly, we conclude that counsel's petition to withdraw substantially complies with the requirements set forth by the ***Widgins*** Court. ***See Widgins***, 29 A.3d at 817-18.

Counsel identifies the following issue for our review: "Whether the trial court erred by determining that Appellant [ ] cannot plead facts establishing jurisdiction over his petition pursuant to the Post Conviction Relief Act?" ***Anders*** Brief at 4. Appellant claims the court erred by imposing an unconstitutional mandatory minimum sentence pursuant to ***Alleyne v. United States***, 133 S. Ct. 2151 (2013). ***Anders*** Brief at 10.

This Court has stated:

In reviewing the propriety of an order denying PCRA relief, this Court is limited to examining whether the evidence of record supports the determination of the PCRA court, and whether the ruling is free of legal error. Great deference is given to the findings of the PCRA court, which may be disturbed only when they have no support in the certified record.

*Commonwealth v. Perry*, 959 A.2d 932, 934-35 (Pa. Super. 2008) (citations omitted).

As a prefatory matter, we determine whether Appellant's PCRA petition is timely. Where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition. *See Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999). In order to satisfy the timeliness requirement, a PCRA petition "must normally be filed within one year of the date the judgment becomes final unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted).

The timeliness exceptions to the PCRA requirements are set forth in 42 Pa.C.S. § 9545, which provides in pertinent part:

**(b) Time for filing petition.**—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

In **Commonwealth v. Marshall**, 947 A.2d 714 (Pa. 2008), our Supreme Court "emphasize[d] that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." **Id.** at 719 (citation omitted). "[A]n untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at [42 Pa.C.S. § 9545] are met." **Commonwealth v. Lawson**, 90 A.3d 1, 5 (Pa. Super. 2014) (footnote omitted). Exceptions to the time restrictions of the PCRA must be pleaded in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007). Even if the legality of the sentence itself is in question, courts lack jurisdiction to hear an untimely PCRA. **See Fahy**, 737 A.2d at 223 (stating that "[a]lthough legality of sentence is always subject to review within the PCRA,

claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

This Court has addressed whether *Alleyne* creates a new constitutional right that applies to untimely PCRA petitions. We noted in *Commonwealth v. Ruiz*, 131 A.3d 54 (Pa. Super. 2015), that "*Alleyne* does **not** invalidate a mandatory minimum sentence when presented in an untimely PCRA petition." *Id.* at 58 (citation omitted). Therefore, a claim involving *Alleyne* "may be raised on direct appeal, **or** in a **timely filed** PCRA petition." *Id.* at 60 (some emphasis added).

In the case *sub judice*, Appellant was sentenced on December 9, 2013. He did not file a direct appeal. Thus, his judgment of sentence became final on January 8, 2014. *See* 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Appellant had until January 8, 2015, to file his PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1) (providing PCRA petition must be filed within one year of date judgment becomes final). Therefore, because he filed his *pro se* PCRA petition on May 21, 2015, it was facially untimely.

Appellant failed to plead any exceptions to the time restrictions of the PCRA within his petition or in response to the PCRA court's Rule 907 notice. *See Marshall*, 947 A.2d at 719. Accordingly, the PCRA court lacked

jurisdiction to decide the merits of Appellant's untimely petition. ***See Copenhefer***, 941 A.2d at 648; ***Fahy***, 737 A.2d at 223. Thus, we agree with counsel's assessment that no relief is due, grant counsel's petition to withdraw, and affirm the PCRA court's order denying Appellant's PCRA petition.

Order affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2017