J-A28043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| VINCENT  CACCESE, SR. | : | |
| | : | |
| Appellant | : | No. 1386 EDA 2017 |

Appeal from the PCRA Order April 11, 2017
In the Court of Common Pleas of Montgomery County Criminal Division at
No(s):  CP-46-CR-0003084-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 05, 2018**

Appellant, Vincent Caccese, Sr., appeals from the April 11, 2017 Order dismissing his *pro se* Petition for Writ of *Habeas Corpus* and Amended Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely.  After careful review, we conclude that Appellant's Petitions were untimely and affirm.[1]

_____

[1] Counsel has filed an "***Anders*** Brief" in the mistaken belief that ***Anders*** is applicable when seeking to withdraw on appeal from the denial of PCRA relief.  However, ***Anders*** satisfies the mandates of ***Turner***/***Finley*** applicable in a PCRA context.  ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011); ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Counsel also submitted a copy of a "no merit" letter sent to Appellant informing him of his rights to proceed.  In light of our disposition, we grant counsel's Petition to Withdraw.

On November 19, 2013, Appellant entered a negotiated guilty plea to the charges of Driving Under the Influence ("DUI") and Driving Under Suspension DUI related, a summary offense.[2] On the same day, the trial court sentenced Appellant to 120 days to 5 years' imprisonment for DUI. For Driving Under Suspension DUI related, he was sentenced to 90 days' imprisonment to run concurrently with the DUI sentence. Appellant did not file a direct appeal. His Judgment of Sentence, thus, became final on December 19, 2013.[3]

On October 14, 2016, Appellant filed a *pro se* Petition for Writ of *Habeas Corpus* requesting that he be released from the custody of the Pennsylvania Department of Corrections and returned to the custody of Montgomery County Probation and Parole. The PCRA court properly treated the filing as a PCRA petition.[4] The PCRA court appointed counsel to

---

[2] 75 Pa.C.S. § 3802(a)(1); 75 Pa.C.S. § 1543(b)(1), respectively.

[3] ***See*** 42 Pa.C.S. § 9545(b)(3) (providing that a Judgment of Sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

[4] ***See*** 42 Pa.C.S. § 9542; ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) (holding "[i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. [A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*") (footnote omitted).

represent Appellant.[5]   On February 10, 2017, Counsel filed a Petition for Writ of *Habeas Corpus* and an Amended PCRA petition.[6]   The PCRA court held a hearing on the petitions on March 20, 2017.  On April 11, 2017, the court dismissed Appellant's PCRA petition as untimely.

This timely appeal followed.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.  In his Rule 1925(b) statement, counsel for Appellant stated his intent to file an **Anders**/**Santiago**[7] Brief.  Counsel notified Appellant of his intent to petition this Court to withdraw as counsel.

Appellant raises the following issue for our review:

> Whether the PCRA judge erred as a matter of law in determining that Appellant's constitutional rights were not violated when Appellant's supervision was transferred from the County Probation Department to the Pennsylvania Board of Probation and Parole in contradiction of the court's original sentencing order.

Appellant's Brief at 4.

Before addressing the merits of Appellant's issue, we must determine whether we have jurisdiction to entertain the underlying PCRA petition.

---

[5]   Appellant was entitled to counsel for his first PCRA petition. **Commonwealth v. Figueroa**, 29 A.3d 1177, 1181 (Pa. Super. 2011).

[6] Appellant filed a *pro se* Petition for Writ of *Habeas Corpus* on February 14, 2017.  "[A]n appellant's *pro se* filings while represented by counsel are legal nullities[.]"  **Commonwealth v. Glacken**, 32 A.3d 750, 752 (Pa. Super. 2011).

[7] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). "The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648–49 (Pa. 2007). Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1), which provides as follows:

**(b) Time for filing petition.**—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

**(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence**; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2) (emphasis added). Section 9545(b)(1)(ii) "requires petitioner to allege and prove that there were 'facts' that were 'unknown' to him and that he exercised 'due diligence.'" ***Commonwealth v. Bennett***, 930 A.2d 1264, 1270 (Pa. 2007). "If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." ***Id.*** at 1272.

Appellant contends that his *Pro Se* Petition for Writ of *Habeas Corpus* was timely based upon the unknown facts exception to the PCRA in Section 9545(b)(1)(ii). In the Petition, Appellant claimed that the terms of his sentence provided for his parole to be supervised by Montgomery County Adult Probation and Parole. In the Amended Petition for PCRA relief, he avers that he was not aware that the Pennsylvania Board of Probation and Parole was retaining jurisdiction on his Montgomery County case until August 18, 2016. Appellant's Brief at 6-7. Therefore, he claims his *Pro Se* Petition for Writ of Habeas Corpus filed on October 14, 2016 was timely. ***Id.*** at 7.

A review of the record belies this assertion. At the PCRA hearing, the Commonwealth introduced into evidence, marked C-1, a letter Appellant wrote to Assistant District Attorney Kelly Suzanne Lloyd, dated January 10, 2017. N.T. PCRA Hr'g, 3/20/17, at 21. The Commonwealth stated to the Court: "If we hand up C-1, which is already in evidence, you'll see that [Appellant] knew that he was being supervised by State Parole in August of 2015 . . . ." ***Id.*** at 31. In the letter, Appellant averred, *inter alia*, "[a]t

- 5 -

some point, I'm not sure when, the Pennsylvania Board of Probation and Parole took over the Montgomery County case. I took notice of this in August of 2015 while at Coleman Hall for a State Parole violation and on my Buck's County maximum date when I wasn't released." *Id.* at Ex. C-1. The PCRA court found this evidence credible.

Here, Appellant's Judgment of Sentence became final on December 19, 2013. The instant PCRA petition is, thus, facially untimely. The PCRA court concluded that Appellant knew in August, 2015 that the state parole board supervised his parole. Since Appellant did not file his PCRA petition within 60 days, the petition is untimely and we lack jurisdiction. *See Copenhefer*, 941 A.2d at 648-49. Accordingly, we affirm the Order of the PCRA court dismissing his PCRA petition as untimely.

Order affirmed. Counsel's Petition to Withdraw Granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/18

- 6 -