2019 PA Super 236

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ANTHONY PERSAUD | : | |
| | : | |
| Appellant | : | No. 1615 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 29, 2018
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0002009-2016

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

OPINION BY MURRAY, J.:                        **FILED AUGUST 05, 2019**

Michael Anthony Persaud (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of multiple crimes under The Controlled Substance, Drug, Device and Cosmetic Act, including possession of a controlled substance (35 P.S. § 780-113(a)(16)); possession with the intent to deliver a controlled substance (PWID) (35 P.S. § 780-113(a)(30)); criminal conspiracy to commit PWID (18 Pa.C.S.A. § 903/35 P.S. § 780-113(a)(30)); criminal use of communication facility (18 Pa.C.S.A. § 7512(a)); and possession of drug paraphernalia (35 P.S. § 780-113(a)(32)). Additionally, Appellant's counsel, Henry W. Fenton, Esquire (Counsel), seeks to withdraw from representation pursuant to ***Anders v. California***, 38 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court detailed the protracted and irregular post-trial procedural history of this case as follows:

> On September 20, 2017, Appellant waived Rule 704(A)(1) of the Pennsylvania Rules of Criminal Procedure (requiring a sentence be imposed within ninety days after conviction). Appellant declared that he knowingly waived said provisions after consultation with his then Counsel. Appellant waived said right so that he could be transported to Rhode Island for a guilty plea and sentencing on federal charges pending in that jurisdiction. Appellant acknowledged that he would be sentenced in the case *sub judice* upon his return to the Lebanon County Correction Facility. The [trial c]ourt, after consideration of Appellant's waiver; that he was, at the time, in Federal Prison in Rhode Island; and would be sentenced on the federal charges in early January, granted Appellant's request to continue sentencing from November 15, 2017 until January 31, 2018.
>
> On January 31, 2018, [] Appellant was sentenced, by the Honorable Charles T. Jones, Jr., to pay the costs of prosecution; fines in the total amount of two thousand six hundred dollars ($2,600.00); and undergo imprisonment in a State Correctional Institution for an indeterminate period the minimum of which to be ninety-six (96) months and the maximum of which shall be thirty (30) years (consecutive to his Rhode Island Federal Sentence) with an RRR-I minimum sentence of seventy-two (72) months.
>
> On February 9, 2018, Appellant filed a *Pro Se* Motion for Modification of Sentence. In his Motion for Modification[,] Appellant states that his [c]ounsel did not do the following: present accurate Pre-Sentence Investigation information, present letters from family and friends of [] Appellant, failed to inform the [c]ourt that the Federal Judge who sentenced Appellant prior to this [c]ourt's sentencing recommended that this [c]ourt run its sentence concurrent to Appellant's federal sentence, and explain to the [c]ourt that some of the Pre-Sentence Investigation information was incorrect.
>
> Further, Appellant complained that the [c]ourt was incorrectly under the impression that [] Appellant had served a full sentence of six (6) years for a prior conviction, when Appellant alleges he was sentenced to ninety (90) days in jail and six (6) years and

nine (9) months suspended time and probation. [] Appellant explained in his Motion that he had attended a substance abuse program for eight (8) weeks while in Federal custody awaiting sentencing and graduation from the program. Finally, a part of Appellant's Federal Sentence included a one (1) year outpatient substance abuse program that Appellant would have to attend once a week until completed, followed by two (2) years of supervised release. The [c]ourt subsequently entered a Scheduling Order for disposition of Appellant's Motion on February 13, 2018. On February 12, 2018, three days after filing his Motion for Modification of Sentence, Appellant wrote a *Pro Se* letter to the Honorable President Judge John C. Tylwalk regarding his sentencing and obstacles in his life, both past and present.

On February 21, 2018, after receipt of the [c]ourt's scheduling Order, Attorney Timothy T. Engler (who had represented Appellant at trial) filed a Petition to Withdraw as Counsel. Attorney Engler stated in his Petition that a conflict of interest existed in his continuing representation of Appellant because Appellant had alleged three instances of ineffectiveness of [c]ounsel at the post-trial/sentencing phase of the case. The [c]ourt scheduled a hearing for March 7, 2018, to decide Attorney Engler's Petition to Withdraw his Appearance. The Courthouse was closed on March 7, 2018, in anticipation of a severe, winter snowstorm, and the Petition to Withdraw was rescheduled for April 4, 2018.

Appellant timely filed a Brief in Support of his Motion for Modification of Sentence on March 8, 2018. The Commonwealth filed a Motion for Continuance/Extension on March 19, 2018, which was granted and the Commonwealth thereafter filed its Brief in Opposition on April 2, 2018.

On March 22, 2018, prior to the re-scheduled hearing on Attorney Engler's Petition to Withdraw Appearance, Harry W. Fenton, Esquire entered his appearance on behalf of the Appellant. On April 4, 2018, the Court granted Attorney Engler's Petition to Withdraw his Appearance. On April 5, 2018, Appellant, through his new Counsel, filed a Motion for Leave to File a Supplemental Brief in Support of his Motion for Modification of Sentence. Appellant's Motion was granted by the Court on April 6, 2018. Appellant was given twenty (20) days to file a Supplemental Brief. Appellant filed his Supplemental Brief in Support of his Motion on April 24, 2018. On June 6, 2018, after careful consideration of

Appellant's Brief and Supplemental Brief, as well as consideration of the Commonwealth's Opposition Brief, the [c]ourt granted Appellant's Motion and scheduled the case for a Modification of Sentence Hearing. The [c]ourt did so to ensure that Appellant's sentence would be based on all available, accurate information.

On August 29, 2018, [] Appellant was re-sentenced. The [c]ourt, after consideration of the pre-sentence investigation report; the voluminous amount of letters that were given to the [c]ourt on that day and at the initial sentencing; the fact that the 2007 sentence was not a six (6) year incarceration sentence; the guideline ranges; and the testimony presented at trial, and that day, sentenced Appellant to pay the costs of prosecution; fines in the total amount of two thousand six hundred dollars ($2,600.00); and undergo imprisonment in a State Correctional Institution for an indeterminate period the minimum of which to be eighty-four (84) months and the maximum of which shall be twenty-five (25) years (consecutive to his Rhode Island Federal Sentence) with an RRR-I minimum sentence of sixty-three (63). The August 29, 2018 sentence in this case reflected a nine (9) month RRRI sentence reduction, a twelve (12) month minimum-sentence reduction, and a five (5) year maximum-sentence reduction when compared to Appellant's original sentence imposed on January 31, 2018.

Thereafter, on September 18, 2018, Counsel for Appellant filed a Transcript Request seeking the transcript of the entire proceeding. Appellant filed a *Pro Se* Motion in Limine with Respect to [the] I-Phone 6 and USB Seized from [Appellant]. [Appellant] requested that the Commonwealth be barred from using his I-Phone 6 and USB as evidence against him, and both be returned to Appellant. The [c]ourt denied Appellant's *Pro Se* Motion in Limine on September 21, 2018. Concurrently, Appellant filed a *Pro Se* Petition to Proceed In Forma Pauperis. Appellant's Petition was granted on October 4, 2018.

On September 26, 2018, Appellant filed a *Pro Se* Notice of Appeal. The Court entered an Order on October 4, 2018, directing Appellant, by and through his Counsel, to file a Concise Statement of Errors Complained of on Appeal no later than twenty-one (21) days from the entry of said Order (October 26, 2018). The Order further provided that any issues not properly preserved and/or included in the Concise Statement of Errors Complained of on Appeal would be deemed waived. Appellant untimely filed his *Pro*

*Se* Concise Statement of Matters Complained of on Appeal on October 29, 2018. However, the Court notes that Appellant's mailing envelope was post-marked October 24, 2018, and . . . thus address[ed] Appellant's claims.

Trial Court Opinion, 11/21/18, at 4-7. On November 8, 2018, Counsel also filed a Rule 1925(b) statement on behalf of Appellant.

## Hybrid Representation

At the outset, we are compelled to address the hybrid representation that occurred in the trial court once Appellant, on September 26, 2018, filed the timely *pro se* notice of appeal, despite being represented by Counsel.

It is well-settled that an appellant does not have a right to proceed both *pro se* and with the benefit of counsel. Such representation is considered "hybrid" representation and is prohibited within the Commonwealth. **See Commonwealth v. Staton**, 184 A.3d 949, 958 (Pa. 2018) (no defendant has a constitutional right to self-representation together with counseled representation "either at trial or on appeal"); **see also Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011) (citing Pennsylvania's long-standing policy that precludes hybrid representation). The Pennsylvania Supreme Court has expressly stated that "[c]onsistent with Rule [of Criminal Procedure] 576, decisional law from this Court has clarified Commonwealth policy regarding hybrid representation. *No* defendant has a right to hybrid representation, either at trial or on appeal." **Commonwealth v. Padilla**, 80 A.3d 1238, 1259 (Pa. 2013) (italics in original, citations omitted), *cert. denied,* **Padilla v. Pennsylvania**, --- U.S. ---, 134 S. Ct. 2725 (2014). "Our

Supreme Court has stated that Rule 576(A)(4), requiring the prothonotaries to forward all *pro se* filings to counsel upon receipt, reflects this policy*."* ***Commonwealth v. Leatherby***, 116 A.3d 73, 86 (Pa. 2015) (citation omitted).

The above notwithstanding, we recognize that when an appellant is represented by counsel at the time he files a *pro se* notice of appeal, the appeal has effect and is not a nullity. ***See Commonwealth v. Cooper***, 27 A.3d 994, 1007 (Pa. 2011) (holding that a *pro se* notice of appeal from a final judgment filed by a represented appellant is not automatically void). However, "the proper response to **any** *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion." ***Jette***, 23 A.3d at 1044 (emphasis added). Moreover, *pro se* documents that require merits review, *i.e.,* motions, Pa.R.A.P. 1925(b) statements, petitions, briefs, etc., are legal nullities when they are filed by a defendant represented by counsel. ***Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007); ***Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010) (*pro se* 1925(b) statement a nullity).

The policy against hybrid representation is "driven primarily by the problems of competing filings from an appellant and his counsel." ***Commonwealth v. Glacken***, 32 A.3d 750, 753 (Pa. Super. 2011). In ***Glacken***, a represented appellant sought relief from the denial of his first PCRA petition; he filed a *pro se* notice of appeal, *pro se* Rule 1925(b)

statement and *pro se* appellate brief with this Court, while his "counsel of record [did] not file[] anything." ***Id.*** at 752. Under those circumstances, this Court distinguished ***Jette***, noting that "we do not have competing filings from [appellant] and his counsel. Instead, we have only a *pro se* brief in a case where counsel was never permitted to withdraw and [the appellant] never waived his right to counsel." ***Id.*** at 753. Ultimately, the ***Glacken*** court concluded that it was "constrained to quash [appellant]'s appeal for lack of a counseled brief."[1] ***Id.***

Unlike the attorney in ***Glacken***, Counsel in this case has filed an ***Anders*** brief. However, we would be remiss if we overlooked the hybrid representation that preceded Counsel's appellate brief. For example, Appellant filed his notice of appeal *pro se*. After the trial court ordered compliance with Pennsylvania Rule of Appellate Procedure 1925(b), both Appellant, acting *pro se*, and Counsel, thereafter, filed 1925(b) statements. ***See Ali***, 10 A.3d at 293 (defendant's *pro se* Pa.R.A.P. 1925(b) statement was a legal nullity because defendant was represented by counsel); ***see also*** Trial Court Opinion, 11/21/18, at 7.

Specifically, the record reveals the following filings:

---

[1] This Court further instructed, "Should [appellant] choose to file another PCRA petition . . . and the PCRA court appoints counsel, appointed counsel *must*" file a brief, where "from the record it appears that current counsel did neither, to the detriment of his client*." **Glacken**, 32 A.3d at 753 (italics in original).

### *Trial Court*

August 29, 2018            Trial court imposes judgment of sentence

September 26, 2018        Appellant files *pro se* notice of appeal

October 5, 2018           Trial court orders Appellant to file Rule 1925(b) statement within 21 days, with the order sent to both Appellant and Counsel

October 29, 2018          Appellant files *pro se* Rule 1925(b) statement with the prison envelope from SCI Houtzdale postage-stamped October 24, 2018

November 8, 2018          Counsel "files" Appellant's Rule 1925(b) statement, consisting of an exact copy of Appellant's *pro se* 1925(b) statement, with Counsel's typed annotation, "Attached is the Statement of Matters On Appeal, filed by Defendant, erroneously filed in the Superior Court, and returned from that Court as improvidently submitted."

### *Superior Court*

November 15, 2018         Counsel files application to withdraw as counsel with this Court, stating he "has advised Appellant that he believes the appeal has no merit and is frivolous. If any brief were to be filed by [Counsel], it would be filed pursuant to **Anders v. California**, 386 U.S. 738 (1967). [Appellant] believes that the appeal has merit. [Appellant] wishes to file his own brief and does not want an "Anders Brief" to be filed. Attached as Exhibit A, and in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), is a "no-merit" memorandum."

November 27, 2018         Order of Superior Court denying Counsel's application to withdraw from representation because Counsel "filed an application to withdraw as counsel and an accompanied

- 8 -

memorandum in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988). However, the instant matter is an appeal from a judgment of sentence. . . [such that] counsel is directed to file with the Prothonotary of this Court an amended application to withdraw as counsel within thirty (30) days of this order and an ***Anders*** brief once a briefing schedule has been established."

December 12, 2018      Counsel files ***Anders*** brief in this Court along with another application to withdraw from representation this time citing ***Anders***

April 11, 2019         Appellant files *pro se* response to ***Anders*** brief

April 16, 2019         Appellee files brief on behalf of the Commonwealth

After scrutinizing the record, we conclude that our appellate review is not impeded by hybrid representation. In the interest of judicial economy, we proceed with appellate review.

### ***Anders*** Analysis

On December 12, 2018, Counsel filed an ***Anders*** brief and accompanying petition to withdraw as counsel in which he argues that Appellant's appeal is frivolous. When faced with an ***Anders*** brief, this Court may not review the merits of any issues without first examining counsel's request to withdraw. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in ***Santiago***, namely:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Additionally:

Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, only then may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

Here, Counsel's *Anders* brief complies with the above requirements. He includes a summary of the relevant factual and procedural history; refers to the portions of the record and relevant authority that could arguably support Appellant's claim; and sets forth the conclusion that the appeal is frivolous

and that no other issues could be raised. *See* Anders Brief at 4-11. Additionally, Counsel has supplied Appellant with a copy of the *Anders* brief and a letter explaining the rights enumerated in *Nischan*, *supra*. *See id.* at 13; Petition to Withdraw as Counsel, 12/12/18, Exhibit A. Thus, because Counsel has complied with the technical requirements for withdrawal, we proceed to independently review the record to determine if the issue Counsel presents in the *Anders* brief is frivolous, and ascertain whether there are non-frivolous issues Appellant may pursue on appeal.

Counsel's *Anders* brief raises a single issue for our review: whether the trial court abused its discretion in sentencing Appellant to consecutive, as opposed to concurrent, sentences on his convictions. *See Anders* Brief at 8. This claim challenges the discretionary aspects of Appellant's sentence.

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted).

Appellant has failed to preserve this issue for our review. The re-sentencing hearing transcript contains no objection from Appellant that the sentence he received was unreasonable. Furthermore, following his re-sentencing, Appellant failed to file a post-sentence motion for reconsideration of his sentence. Accordingly, Appellant's challenge to the discretionary aspects of his sentence is waived. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (noting that an appellant must preserve a challenge to the discretionary aspects of his sentence in a timely post-sentence motion).

Finally, our independent review of the record reveals no other non-frivolous issues that Appellant could raise on appeal. *See Flowers*, 113 A.3d at 1250. We thus grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judge Musmanno joins the opinion.

Judge Stabile files a concurring/dissenting opinion.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/5/2019