2019 PA Super 236

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL ANTHONY PERSAUD | |
| Appellant | No. 1615 MDA 2018 |

Appeal from the Judgment of Sentence entered August 29, 2018
In the Court of Common Pleas of Lebanon County
Criminal Division at No: CP-38-CR-0002009-2016

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

CONCURRING AND DISSENTING OPINION BY STABILE, J.:

**FILED AUGUST 05, 2019**

While I agree that the judgment of sentence should be affirmed for the reasons stated by the Majority, I dissent from the Majority's analysis pertaining to the hybrid representation issue. The Majority correctly acknowledges that "*pro se* documents that require merit review, *i.e.*, motions, Pa.R.A.P. 1925(b) statements, petitions, briefs, etc., are legal nullities when they are filed by a defendant represented by counsel." Majority Opinion, at 6 (citing *Commonwealth v. Ali*, 10 A.3d 282 (Pa. 2010); *Commonwealth v. Nischan*, 928 A.2d 349 (Pa. Super. 2007)). Both Appellant and his counsel filed Pa. R.A.P. 1925(b) statements. Despite acknowledging that Appellant's statement should be deemed a legal nullity, the Majority, citing *Commonwealth v. Glacken*, 32 A.3d 750 (Pa. Super. 2011), concludes that

"under the unique circumstances of this case" our appellate review is not impeded by hybrid representation where the filings were complementary rather than competing. Majority Opinion, at 9. I find no support whatsoever to examine and therefore excuse hybrid representation if the filings are complementary rather than competing. I therefore disagree with any suggestion that this is an appropriate test when looking at hybrid representation issues.

In **Glacken,** the appellant filed a *pro se* brief and his attorney filed none. Although we recognized that the *pro se* brief did not present the problem of competing filings usually associated with hybrid representation where a represented party and his counsel both make filings, we nonetheless, quashed Glacken's appeal. We held that given the clear language of Pa.R.A.P. 3304[1], and our Supreme Court's holding in **Commonwealth v. Ellis**, 626 A.2d 1137, 1141 (Pa. 1993), *i.e.,* that an appellant must either allow his attorney to represent him or request permission to proceed *pro se*, we were constrained to quash the appeal for lack of a counseled brief. It made no difference whether the *pro se* filing was competing or complementary with any filing by counsel. In short, **Glacken** makes no exception for admitting a *pro se* filing where a party is represented by counsel.

---

[1] Pa.R.A.P. provides "[w]here a litigant is represented by an attorney before the Court and the litigant submits for filing a petition, motion, brief or any other type of pleading in the matter, it shall not be docketed but forwarded to counsel of record."

Instantly, the Majority needlessly engages in a comparison of the filings made by Appellant and his counsel to conclude that these multiple filings do not impede our appellate review, since they were complementary rather than competing. Engaging in any such comparative analysis is error. As our case law and Rule 3304 instruct, Appellant's *pro se* filing should have been considered a legal nullity, not accepted for docketing, and returned to counsel. There is no need to determine whether the filing complements or competes with that of counsel. I therefore respectfully dissent from that part of the Majority's opinion addressing the hybrid representation question and, in particular, to the extent it suggests any exception to existing authority that hybrid representation is not permitted.