J-S49018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEATLH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JUSTIN HEARD | |
| Appellant | No. 2750 EDA 2018 |

Appeal from the PCRA Order Entered August 30, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0004950-2008

BEFORE:  BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 22, 2019**

Appellant, Justin Heard, appeals from the August 30, 2018 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On November 13, 2009, Appellant entered a negotiated guilty plea to one count of third-degree murder stemming from an incident in which Appellant conspired with several others to commit a robbery.  During the robbery, one occupant of the home was shot and killed, and another was shot and seriously injured.  The trial court immediately imposed 17½ to 35 years of incarceration.  Appellant did not file a direct appeal.

---

[*] Former Justice specially assigned to the Superior Court.

On May 20, 2016, Appellant filed the instant, counseled PCRA petition, alleging the newly discovered fact that one of his codefendants, Kevin Hiller, who would have testified against Appellant at trial, had denied knowledge of the murders in his testimony in a separate proceeding. The Commonwealth filed a motion to dismiss the petition on February 6, 2018, and Appellant filed a counseled response on May 29, 2018. On July 30, 2018, the PCRA court entered its notice of intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. The court dismissed the petition as untimely on August 30, 2018. This timely appeal followed.

On appeal, Appellant claims the PCRA court erred in dismissing the petition without a hearing. Appellant's Brief at 4. On appellate review, the PCRA court's findings are binding on this Court if the record supports them. **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015). We review the PCRA court's legal conclusions *de novo*. **Id.** A PCRA court has no jurisdiction to entertain a petition unless the petitioner files it within one year of the date on which his judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). The PCRA includes several exceptions to the time bar, one of which is the discovery of new facts which "were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). As of May 20, 2016, when Appellant filed his petition, § 9545

required him to file his petition within 60 days of the first date on which he could have raised the claim.[1]

Appellant concedes that his petition is facially untimely, but he alleges that Hiller's denial of knowledge of the murder is a newly discovered fact under § 9545(b)(1)(ii). Appellant claims he became aware of the Hiller's testimony on March 23, 2016, such that his May 20, 2016 petition was timely. As the PCRA court explained, however, Appellant failed to offer any substantiation of his due diligence. Appellant offered only a short portion of a transcript (two questions and two short answers comprising less than a single page) attached as an exhibit to his PCRA petition. Appellant produced no evidence of the date on which Hiller gave his testimony, and therefore Appellant failed to plead or prove that he exercised due diligence in learning of Hiller's testimony. PCRA Court Opinion, 11/26/18, at 9. Thus, Appellant has failed to plead and prove the applicability of § 9545(b)(1)(ii); *see Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1197 (Pa. 2015) (noting that the requirement for a petitioner to prove his due diligence is strictly enforced).

Further, the PCRA court noted that Hiller's denial would have been impeachment evidence, as it contradicted other statements Hiller gave to

---

[1] Section 9545(b)(2) has since been amended to permit petitions within one year of the first date on which the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

authorities. Mere impeachment evidence does not constitute a newly discovered fact. ***Brown***, 111 A.3d at 177 n.4. Thus, even if Appellant had established jurisdiction by pleading and proving the applicability of § 9545(b)(1)(ii), his claim would have failed.

We conclude that the PCRA court did not err in dismissing Appellant's petition as untimely, and we affirm the order for the reasons explained in the PCRA court opinion (attached).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/19

Received 5/11/2019 8:13:05 AM Superior Court Eastern District

Circulated 09/25/2019 12:44 PM
Filed 5/11/2019 8:13:00 AM Superior Court Eastern District
2750 EDA 2018

FILED

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

2018 NOV 26 AM 9:31 FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT

| COMMONWEALTH OF PENNSYLVANIA | : | CRIMINAL TRIAL DIVISION |
|---|---|---|
| | : | |
| | : | 2568 EDA 2018 |
| v. | : | 2750 EDA 2018 |
| | : | 2818 EDA 2018 |
| | : | |
| JUSTIN HEARD | : | CP-51-CR-0004950-2008 |

CP-51-CR-0004950-2008 Comm. v. Heard, Justin
Opinion



8193142631

## O P I N I O N

O'KEEFE, J.

Justin Heard appeals from the order denying his Post-Conviction Relief Act Petition (hereinafter referred to as "PCRA" for the sake of brevity) pursuant to 42 Pa.C.S. § 9541 *et seq.*

## PROCEDURAL HISTORY:

On October 5, 2007, Justin Heard was arrested and charged with murder, robbery, criminal conspiracy, violation of the Uniform Firearms Act, and possessing the instrument of a crime. The defendant was bound over on all charges following a preliminary hearing on October 31, 2007. A jury trial commenced before the Honorable Renee Caldwell Hughes, however a mistrial was declared on October 26, 2009, when a co-defendant suffered serious injuries in prison. Jury selection re-commenced November 9, 2009, but mid-trial, on November 13, 2009, Heard pled guilty to third degree murder, conspiracy to commit murder and possessing an instrument of crime in return for a sentence of seventeen and one-half to thirty-five years' incarceration, concurrent with the two to four years' incarceration this defendant was serving on drug charges at CP-51-CR-0707191-2005.

1

Defendant's counseled PCRA petition was filed on May 20, 2016. The prosecution filed a motion to dismiss on February 6, 2018, to which the defendant replied. On July 30, 2018, after an independent review of the record, a Notice of Intent to Dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907 was mailed to the defendant and all counsel. On August 21st the defendant filed a *pro se* Notice of Appeal to the Superior Court, despite the fact the PCRA had yet to be dismissed. After another independent review, the defendant's PCRA petition was dismissed on August 30, 2018. A counseled Notice of Appeal was filed on September 11th, with a counseled Statement of Matters Complained of on Appeal on November 7, 2018.

## STANDARD OF REVIEW:

When reviewing an order denying a PCRA petition, an appellate court looks to whether the PCRA court's decision is supported by the evidence of record and is free of legal error. *Commonwealth v. Spotz*, 624 Pa. 4, 84 A.3d 294 (2014). On questions of law, the standard of review is *de novo* and the scope of review is plenary. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014). The court will grant great deference to the factual findings of the PCRA court and will not disturb those facts unless they have no support in the record. *Id.*

## FACTS:

The trial court aptly summarized the facts in an opinion concerning the co-defendant, Stanley Pettus (CP-51-CR-0004951-2008):

> In early 2006, [Pettus] conspired with Kevin Hiller to rob the home of Abdul Wyatt, an individual he knew sold substantial quantities of drugs. [Pettus] had been a guest in Wyatt's home, and he knew its layout as well as [Wyatt's] schedule. [Pettus] informed Hiller that

2

Wyatt kept large quantities of illegal narcotics and cash in his basement. In exchange for this information, Hiller agreed to split the proceeds from the robbery with [Pettus]. Hiller thereafter enlisted the help of Christopher Knight and Justin Heard to carry out the robbery. On March 21, 2006, Hiller, Knight and Heard went to Wyatt's home in Philadelphia. Knight and Heard entered the property and proceeded towards the basement, where they were confronted by Wyatt and Jenesta Jones. An altercation ensued during which Knight and Heard shot Jones in the chest and Wyatt in the neck. Wyatt's wound proved fatal. [Pettus] was eventually arrested and charged with Wyatt's death.

(Trial Court Opinion, dated July 21, 2010, p. 1).

## LEGAL DISCUSSION:

The standard and scope of review for the denial of a PCRA petition is well-settled. The appellate court examines a PCRA appeal in the light most favorable to the prevailing party at the PCRA level. The court's review is limited to the findings of the PCRA court and the evidence of record. Additionally, the reviewing court grants great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. In this respect, the appellate court will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. However, where the petitioner raises questions of law, the standard of review is *de novo* and the scope of review is plenary. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014), *appeal denied*, 101 A.3d 785 (Pa. 2014) (citations and quotation marks omitted).

### *Timeliness of Petition*

The law is clear that any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). The date the judgment becomes final is at the

3

conclusion of direct review, including discretionary review by both the Pennsylvania and United States Supreme Courts, or at the expiration of time for seeking such review. *Id.* §9545(b)(3). These time limits are jurisdictional and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 606 Pa. 64, 994 A.2d 1091, 1093 (2010); *Commonwealth v. Hernandez*, 79 A.3d 649 (Pa.Super. 2013).

An exception to the timeliness requirement arises if the petitioner alleges and proves one of the following statutory exceptions:

> (i) failure to raise the claim was the result of interference by govern-ment officials with the presentation of the claim in violation of the constitution or laws of the Commonwealth or laws of the United States;
>
> (ii) facts upon which the claim is predicated were unknown to peti-tioner and could not have been ascertained by exercise of due dili-gence; or
>
> (iii) right(s) asserted is a constitutional right that was recognized by the Supreme Court or the Supreme Court of Pennsylvania after the time period provided and has been held by that court to apply retro-actively. 42 Pa. C.S. § 9545(b)(1).

When applying one of the exceptions, the petition must be filed within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b). That sixty day period runs from the date of the underlying decision. *Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa.Super. 2007). Heard's petition does not satisfy the timeliness requirement.

The time limit on filing a PCRA petition is jurisdictional. *Commonwealth v. Yarris*, 557 Pa. 12, 731 A.2d 581, 586 (1999) (citing *Commonwealth v. Peterkin*, 554 Pa. 547, 553, 722 A.2d 638, 641 (1998)). As such, an untimely petition may not be addressed simply because it is couched in terms of ineffectiveness. *Commonwealth v. Peterkin*, 554 Pa. 547, 557, 722 A.2d 638, 643

4

(1998). Moreover, to successfully invoke one of the exceptions to the time limit, a petitioner must plead and prove that an exception to the time for filing the petition set forth at 42 Pa.C.S. §9545(b)(1) applies. *Commonwealth v. Crews*, 581 Pa. 45, 50, 863 A.2d 498, 501 (2004).

Heard argues that his petition meets the requirements of the newly discovered facts exception, based on an excerpt from a transcript of the testimony of co-defendant, Kevin Hiller, in an unrelated matter "that directly refutes his own claims about being forthright and truthful during his proffer sessions...[s]pecifically, at this prior proceeding, Hiller steadfastly disclaimed knowing anything about "any" murders."(PCRA Petition, p. 4). The entirety of the relied upon testimony is as follows:

> "Q. Mr. Hiller, I left off asking you that, isn't it – you testified that you had tried to solicit Mr. Dooley to participate in an armed robbery. Then I asked you the question, that isn't it true you also confided in him with respect to double homicides, correct?
>
> A. No., sir.
>
> Q. Okay.
>
> A. I know of nothing of it."

(PCRA Petition, Exhibit A, *Commonwealth v. Dooley*, citation unknown.)

The law is clear that after-discovered evidence must: (1) be discovered after the trial and could not have been obtained any sooner by the exercise of due diligence; (2) not be merely corroborative or cumulative; (3) not be used solely for impeachment purposes; and (4) be of such a nature and character that a different verdict will likely result if a new trial were granted. *See Commonwealth v. Brown*, 111 A.3d 171 (Pa.Super.2015); *Commonwealth v. Washington*, 592 Pa. 698, 715, 927 A.2d 586, 596 (2007); *Commonwealth v. Valderramma*, 479 Pa. 500, 388 A.2d 1042, 1045 (1978).

5

It is important to note that this defendant entered into a negotiated guilty plea on November 13, 2009, in which he pled guilty to the crimes of murder of the third degree, conspiracy to murder and possessing the instrument of a crime, in return for an aggregate sentence of seventeen and one-half to thirty-five years imprisonment. (N.T. 11-13-2009, pp. 7-50). A signed written guilty plea colloquy is referenced in the notes of testimony, and that colloquy is attached hereto, made a part hereof and marked Exhibit A. Heard admitted the facts and his intent to plead guilty to the crime in a protracted oral colloquy. (N.T. 11-13-2009, pp. 7-50). Defense counsel went to extensive lengths to make sure Mr. Heard understood all of what he was pleading as well as the consequences. On the third page of the written colloquy is Heard's signature below the declaration "I have read all of the above, or my lawyer read it to me. I understand it. My answers are all true and correct." (Exhibit A). This certification was witnessed and attested to by the both the defendant's attorney and the prosecutor, as well as the trial court. (Exhibit A, pp. 3-4). Immediately above the signature is the statement "The facts of the case have been read to me. The crimes and elements of the crime(s) have been explained to me. I committed the crime(s), and that is why I am pleading guilty." (Exhibit A, p. 3).

Additionally, the following oral colloquy was conducted with the defendant:

"The Court: Mr. Heard, you have heard all of the testimony that has been presented in October and yesterday, but I want to ask you specifically, did you and Christopher Knight agree, at the request of Kevin Hiller, to go rob Abdul Wyatt?

Mr. Heard: Yes, ma'am.

The Court: Did you both go into the home of Abdul Wyatt with guns to rob him?

Mr. Heard: Yes, ma'am.

The Court: As a result of that, was Jenesta Jones shot and Abdul

6

Wyatt killed?

Mr. Heard: Yes, ma'am.

The Court Are these the facts you are prepared to plead guilty to?

Mr. Heard: Yes, ma'am.

The Court: Very good.

A Court Officer: May I, Judge?

Justin Heard, to this Common Pleas Docket 0004950 in the year 2008 charging you with murder in the third degree, victim Abdul Wyatt, how do you plead?

Mr. Heard: Guilty.

A Court Officer: Justin Heard, to the same Common Pleas Docket charging you with criminal conspiracy to rob and shoot, victim Abdul Wyatt, graded as a felony of the first degree, how do you plead?

Mr. Heard: Guilty.

A Court Officer: Justin Heard, to the same Common Pleas Docket charging you with possessing an instrument off crime, graded as a misdemeanor of the first degree, how do you plead?

Mr. Heard: Guilty.

A Court Officer: Your Honor, the defendant, Justin Heard, has pled guilty to all charges and signed all forms."

(N.T. 11-13-2009, 29-31).

Clearly, a general denial by a co-defendant, at an unknown proceeding, would not change the outcome of this defendant's case, where this man pled guilty to the charges. The law is clear that a reviewing court is free to look at the totality of the circumstances surrounding the entry of a plea when assessing whether the plea was entered into in accordance with the law. *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582, 588 (Pa. 1999); *Commonwealth v. Muhammad*, 794 A.2d 378, 383-84 (Pa.Super. 2002); *Commonwealth v. Hodges*, 789 A.2d 764 (Pa.Super. 2002). A defendant is obliged to tell the truth during a plea hearing, and a trial court may rely on a properly executed written guilty plea colloquy supplemented by an oral colloquy in deciding whether the plea is

7

knowing, intelligent and voluntary. *See Commonwealth v. Cappelli*, 340 Pa.Super. 9, 489 A.2d 813 (1985); *Commonwealth v. Nelson*, 319 Pa.Super. 66, 465 A.2d 1056 (1983). The defendant's contention that Mr. Hiller's testimony is somehow relevant, and that it would change the outcome of his case clearly is without merit. Mr. Hiller's claim that he knew nothing of a double homicide is insufficient to overcome the defendant's written and oral admission of guilt to these crimes, and the proposed evidence would not affect the validity of those guilty pleas, nor its outcome in any manner whatsoever.

For the defendant to succeed in his claim, he would need assert that he was lying, under oath when he attested to the written guilty plea forms. He is barred from doing so. *See Commonwealth v. Cappelli*, 340 Pa.Super. 9, 489 A.2d 813, 819 (1985); *Commonwealth v. Willis*, 68 A.3d 997 (Pa.Super.2013). Hiller's admission or denial of his involvement in this crime would not have mattered, as the defendant pled guilty, and it would not have affected the outcome of this defendant's guilty plea.

Furthermore, the evidence offered would have only been used to impeach the credibility of the co-defendant, a claim that does not entitle the defendant to post-conviction relief. *See Commonwealth v. Foreman*, 55 A.3d 532 (Pa.Super. 2012). Moreover, the courts have repeatedly held that "a defendant seeking a new trial must demonstrate he will not use the alleged after-discovered evidence solely to impeach the credibility of a witness." *Commonwealth v. Padillas*, 997 A.2d 356, 365 (Pa.Super. 2010). The testimony referred to by Heard clearly would be used solely to impeach the co-defendant's' credibility at the trial. The defendant has made no credible offer that the proposed evidence could serve any other purpose, and as such the defendant has failed to meet his burden and accordingly the issue was properly dismissed. More importantly, the credibility of

8

the co-defendant is of no matter in this case. There was no trial. The co-defendant did not testify at the plea hearing. The defendant admitted to his guilt, never requested to withdraw his plea of guilty and has not averred that he is not guilty of the charges to which he admitted his culpability.

Likewise the defendant has failed to prove that he acted with due diligence. Heard has failed to describe when he first came into possession of the transcript he cites. No mention is made of when the transcripts were first available or even when the cited testimony was taken. It is the petitioner's burden to prove his due diligence and his failure to do so was likewise fatal to his petition. *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015).

### *Hybrid Representation*

Pennsylvania courts have consistently held that where a litigant is represented by an attorney any *pro se* filing is a nullity. *Commonwealth v. Glacken*, 32 A.3d 750, 752-53 (Pa.Super.2018); *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa.Super.2007) appeal denied 594 Pa. 704, 936 A.2d 40 (2007); *Commonwealth v. Ellis*, 534 Pa. 176, 183-84, 626 A.2d 1137, 1140-41 (1993); *Commonwealth v. Jette*, 23 A.3d 1032 (Pa. 2011). As such this court will not consider any issue raised by the defendant in his *pro se* 1925(b) statement that was not raised by counsel.

**BY THE COURT:**

**DATE: November 26, 2018**

J. SCOTT O'KEEFE, J.

9